**J. ALLAND & BRO., Inc., v. UNITED STATES.**

District Court, D. Massachusetts.   July 17, 1928.

No. 2943.

Everts, Keenan & Aldridge, of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. M. Leinenkugel, Sp. Asst. U. S. Atty., both of Boston, Mass.

BREWSTER, District Judge. The petitioner, in its tax return for 1921, deducted from gross income $10,500 paid to the Carmen Specialty Shoe Shops, Inc. The Commissioner of Internal Revenue refused to allow this deduction, and assessed an additional tax for 1921 of $3,336.82, which sum the petitioner now seeks to recover in this petition.

The matter was submitted on an agreed statement of facts, which shows that on November 12, 1921, the petitioner entered into an agreement with the Carmen Specialty Shoe Shops, Inc., by which it agreed to purchase the leasehold interest of the Carmen Specialty Shoe Shops, Inc., in certain premises, for which it agreed to pay the sum of $18,000 in addition to the rent reserved in the lease. Of this sum $1,000 was to be paid at the time of the execution of the agreement, $9,500 to be paid in cash not prior to January 1, 1922, and the balance to be paid from time to time according to a series of promissory notes.

As a matter of fact, the $9,500 was paid December 29, 1921, so that the petitioner had actually paid in 1921 to the Carmen Specialty Shoe Shops, Inc., $10,500, which it deducted from its gross income as a payment required to be made as a condition to the continued use or possession of property to which the corporation had not taken title, or was not taking title, or in which it had no equity. Revenue Act 1921, § 234(a) (1), 42 Stat. 254. The agreement, however, provided that the petitioner was not to take possession of the leased premises until January 1, 1922.

The petitioner returned his gross income on the basis of actual receipts and disbursements; nevertheless, in view of the circumstances above noted, it is difficult to see how it can be contended that these sums, aggregating $10,500, were paid for the continued use of the premises during the taxable year 1921. The expenditure had no connection with the production of the income reported for that year. It will be noted that, with the exception of the $1,000 paid at the time of the execution of the agreement, the balance was not due and payable under the terms thereof until January 1, 1922.

According to the regulations of the administrative department, the sum paid for a leasehold interest in addition to rent is spread over the entire term of the lease, and an aliquot part attributed to each year. Holmes, Federal Taxes, p. 913. I am satisfied that this course is legal, and that the action of the Commissioner in disallowing the deduction of $10,500 was proper.

Judgment may be entered for the defendant.