**DE BLOIS et al. v. WELCH.**
No. 6772.

District Court, D. Massachusetts.
May 11, 1937.

R. Gaynor Wellings (of Tyler, Eames & Reynolds), of Boston, Mass., for plaintiffs.

Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Asst. U. S. Atty., both of Boston, Mass., and Milton Carr Ferguson, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen. and Andrew D. Sharpe, Sp. Asst. to Atty. Gen., on the brief), for defendant.

SWEENEY, District Judge.

In this action at law the plaintiffs seek to recover certain income taxes paid under protest after an alleged illegal assessment by the Commissioner of Internal Revenue. A claim for refund was seasonably filed.

The case was submitted on a stipulation of facts from which the following pertinent findings of fact are made:

Prior to and throughout the year 1933 the plaintiffs were trustees under a written declaration of trust, the beneficial interest of which was represented by transferable certificates. The business of the trust was holding and managing real estate. It was a corporation within the meaning of the Revenue Act of 1932 (47 Stat. 169), and was taxable as such for the calendar year 1933. The method of accounting employed by the plaintiffs was on the cash receipts and disbursements basis as distinguished from the accrual basis. During the year 1933, the taxpayer paid the sum of $8,706.48 as premiums for various kinds of insurance relating to the real estate held and managed by it, all of which was in connection with the business of the trust. The type of the insurance covered by these premiums was ordinary and necessary for the operation of the business of said trust, in so far as said insurance pertained to each year, and was not excessive in amount. Of the amount paid, $1,228.98 represented premiums for insurance covering the year 1933. The balance of the payment represented insurance premiums paid in advance for a period of more than one year. The plaintiffs filed a tax return for the year 1933, and claimed therein as a deduction for ordinary and necessary business expenses, pursuant to section 23(a) of the Revenue Act of 1932 (26 U.S.C.A. § 23 and note), the full sum of $8,706.48 which, as explained hereinbefore, represented premiums not only for the year 1933, but for future years.

After the return was audited, the internal revenue agent performing that work recommended an additional assessment for the reason that the plaintiffs had erroneously deducted $7,477.50 for prepaid insurance premiums, contrary to a ruling of the Internal Revenue in that regard as set forth in General Counsel's Memorandum 13148, XIII–l Cumulative Bulletin 67. Under date of October 16, 1935, the Commissioner notified the plaintiffs that the recommendation of the internal revenue agent had been approved. A deficiency assessment of $1,024.71 was made on November 15, 1935, together with interest in the amount of $102.47, making a total of $1,127.18 which the plaintiffs paid under protest.

On November 30, 1935, the plaintiffs filed a claim for refund, alleging that the refusal of the Commissioner to permit the deductions of prepaid insurance premiums was improper and unlawful. On June 10, 1936, prior to any formal action by the Commissioner on the claim for refund, but more than six months after it had been filed, this suit was commenced. On June 17, 1936, the Commissioner notified the plaintiffs that the claim for refund had been disallowed.

The sole question presented is whether one who keeps his accounts on the cash receipts and disbursements basis is entitled to deduct insurance premiums paid in advance for years other than the current year for which the taxpayer is reporting.

The question presented has not been answered in any court decisions that I can find, although there are many decisions having some bearing on it and suggested reasoning which is helpful. However, I am of the opinion that the case at bar, particularly as it involves trustees who are bound to conduct the trust business with an eye to earning as much income as possible, presents a case that is distinguishable from the cases to which I will hereinafter refer.

Section 23 of the Revenue Act of 1932, 47 Stat. 179 (26 U.S.C.A. § 23 and note), in so far as it is applicable to this case, states as follows:

"*Deductions from Gross Income.* In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, * * *."

The Commissioner's deficiency assessment which was based upon G.C.M. 13148, XIII–*l* Cumulative Bulletin 67, was to the effect that "where insurance premiums are deductible as business expenses and are paid in advance for a period of more than one year, only the pro rata part of such payment should be allowed as a deduction each year" without regard to the method of accounting utilized by the taxpayer.

■■■ It has been stipulated, and I find as a fact, that insurance was a necessary and ordinary expense for the year 1933. The other question, whether it was necessary and ordinary to insure for a longer period of time than the current year, must be answered by resorting to an understanding of what is meant by the use of the words "necessary and ordinary" in the statute. Revenue Act 1932, § 23(a). Judicial notice is taken of the fact that long-term insurance policies are written at a reduced premium, and are the usual, customary, and ordinary methods employed in the business world to insure property. In order for the trustees to take advantage of the lower insurance premiums offered by long-term policies, and in order to conserve the assets of their estate, it was necessary for them within the meaning of section 23(a) to buy and pay for insurance as they did.

If these trustees had had their insurance policies written on a yearly basis, they would have been open to the charge that they were unnecessarily depleting the assets of the estate. It would have been an extraordinary thing if they had followed such a course. Any business man who operated his business over a period of years who did not take advantage of reduced rates by insuring for three, or five year, or longer periods would be subject to criticism. It was therefore ordinary in the sense that they followed the custom, prevailing in the business world, of buying insurance on three or five year term contracts.

In J. Alland & Bro., Inc., v. U. S. (D. C.) 28 F.(2d) 792, Judge Brewster held that an amount paid by a taxpayer for the purchase of a lease, which was in addition to the rent reserved in the lease, could not be deducted in the year in which the payment was made, but must be prorated over the term of the lease on the theory that the purchase price as well as the rent reserved in the lease were paid for the continued use of the premises during the term of the lease, and therefore should have been prorated. In other words, it was not a necessary and ordinary thing to do to pay rent or a portion of rent in advance. The purchase of long-term insurance at a reduced premium rate is not a similar situation.

The reasoning set forth in Higginbotham-Bailey-Logan Co. v. Commissioner, 8 B.T.A. 566, to the effect that the purchase of insurance contracts results in the creation of an asset, the value of which is exhausted ratably over the term for which the premium is paid, has no persuasive value where the taxpayer keeps his accounts on the cash receipts and disbursements basis. Obviously, where the taxpayer keeps his books on the accrual basis such values must be carried over from year to year, and prorating is entirely proper. It is not, however, an exclusive test for both methods of accounting. To apply that reasoning to a taxpayer who keeps his accounts on the cash receipts and disbursements basis could result in compelling him to prorate the cost of a great many purchases made in a particular year but not exhausted during that year. A taxpayer accounting on the cash receipts and disbursements basis who of necessity adopts the mode of paying for a commodity that is ordinarily accepted in the business world ought not to be put to the labor and expense of adjusting his books to prorate that expense.

In Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 9, 78 L.Ed. 212, which did not pass upon the precise question with which we are concerned, but which did interpret the meaning of section 23(a) for the purpose of arriving at a decision whether certain payments were proper deductions, Mr. Justice Cardozo stated: "The standard set up by the statute is not a rule of law; it is rather a way of life." In affirming the ruling of the Commissioner to the effect that the payment of debts which had been discharged by bankruptcy in order to solidify the credit and standing of the taxpayer was not an ordinary expense even though it may have been necessary for the development of the petitioner's business, it was further stated that: "Unless we can say from facts within our knowledge that these are ordinary and necessary expenses according to the ways of conduct and the forms of speech prevailing in the business world, the tax must be confirmed." I think that these payments were ordinary and necessary according to the ways of conduct and the forms of speech prevailing in the business world, and, as such, were proper deductions.

I therefore find and rule that the insurance premiums paid by the taxpayer were necessary and ordinary expenses within the meaning of section 23(a), and that the Commissioner's ruling complained of is in conflict with the provisions of the Revenue Act of 1932, and cannot be followed.

The plaintiffs' motion for judgment is allowed. The defendant's motion for judgment is denied, and the defendant's requests for rulings are denied, except in so far as they are consistent with this opinion.