**GALATOIRE BROS. v. LINES, Collector of Internal Revenue.**

Circuit Court of Appeals, Fifth Circuit.
January 23, 1928.

No. 4787.

Internal revenue ⟪⟫7(18)—Extra rental paid by lessees for first year of longer term held not deductible from income of that year, but must be prorated during entire term (Revenue Act 1916, § 5, subd. [a], Comp. St. § 6336e).

Where lease of restaurant for a term of 45 months required lessees, in addition to payment of monthly rental throughout the term, to pay lessor 50 per cent. of the profits of the business during the first year, and also to board him and his family during that year, the extra cost to lessees above the monthly rental was not deductible from income of that year under Revenue Act 1916, § 5, subd. (a), being Comp. St. § 6336e, as "necessary expenses actually paid in carrying on the business," but should be prorated throughout the term as rent.

In Error to the District Court of the United States for the Eastern District of Louisiana; Clarence Hale, Judge.

Action at law by Galatoire Bros. against D. Arthur Lines, Collector of Internal Revenue. Judgment for defendant, and plaintiffs bring error. Affirmed.

For opinion below, see 11 F.(2d) 878.

Arthur A. Moreno, of New Orleans, La. (Lemle, Moreno & Lemle, of New Orleans, La., on the brief), for plaintiffs in error.

Thos. H. Lewis, Jr., Sp. Atty. Bureau of Internal Revenue, of Washington, D. C., and Wayne G. Borah, U. S. Atty., and E. E. Talbot and T. M. Logan Bruns, Jr., Asst. U. S. Attys., all of New Orleans, La. (C. M. Charest, General Counsel Bureau of Internal Revenue, and T. H. Lewis, Jr., Sp. Atty. Bureau of Internal Revenue, both of Washington, D. C., on the brief), for defendant in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. In November, 1916, Jean Galatoire leased to plaintiffs in error, Galatoire Bros., a building in the city of New Orleans for the term of 45 months, commencing January 1, 1917, and ending September 30, 1920, in which building the lessor conducted a restaurant for several years, ending in 1916, and plaintiffs in error conducted a restaurant throughout the year 1917. The lease contract contained the following: "The present lease is made for and in consideration of a monthly rental of two hundred and fifty ($250.00) dollars, payable monthly, and fifty (50) per cent. of the profits of the restaurant conducted in said building during the year 1917, and the obligation on the part of said lessees to board the lessor and his family during the year 1917."

The one-half of the profits for the year 1917 amounted to $16,971.63, and the cost of meals furnished to the lessor during that year amounted to $2,736. The question presented is whether the plaintiffs in error, in computing their taxable net income for 1917, were entitled, under the provision of section 5a of the Revenue Act of 1916, allowing the deduction of "the necessary expenses actually paid in carrying on any business or trade" (39 Stat. 759 [Comp. St. § 6336e]), to deduct from their gross income the just-mentioned amounts. The court's ruling was to the effect that the whole of those amounts was not deductible from the gross income for the year 1917, but should be prorated over the entire life of the lease, and that only 12⁄45 of those amounts should be deducted from the gross income for 1917.

The lease does not purport to make the promise to pay those amounts when ascertained part of the consideration for the use of the rented premises during the year 1917 only. By the terms of the lease contract the consideration for those payments was, not the use of the premises during 1917 only, but "the present lease," which was for a term of 45 months. In paying those amounts

the lessees paid part of the consideration for the use of the premises for 33 months succeeding the year 1917. The expenditures in question being in part a consideration for the use of the rented premises after the year 1917, the whole thereof cannot properly be considered "necessary expenses actually paid in carrying on any business or trade" during that year, and only the part thereof properly attributable to the process of earning income during that year was deductible from the gross income for that year. Duffy v. Central R. Co., 268 U. S. 55, 45 S. Ct. 429, 69 L. Ed. 846; United States v. Anderson, 269 U. S. 422, 440, 46 S. Ct. 131, 70 L. Ed. 347. We conclude that the court did not err in holding that only an aliquot part of such expenditures was deductible from the gross income for the year 1917.

The judgment is affirmed.