HOME TRUST CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

HOME SAFE DEPOSIT CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 26954, 36257. Promulgated January 19, 1931.

*Phil D. Morelock, Esq.*, and *Perry W. Shrader, Esq.*, for the petitioners.

*A. H. Fast, Esq.*, for the respondent.

OPINION.

LANSDON: The respondent asserts deficiencies in income tax for the years 1923 and 1924, against the Home Trust Co. and the Home Safe Deposit Co., in the respective amounts of $4,396.66 and $5,353.06, for the former, and $100 and $536.46 for the latter. The petitioners originally allege many errors by the respondent, but, at the hearing, their counsel stated that all allegations of error except one had been abandoned or settled by stipulation. The only issue submitted to the Board is whether the amount of $75,000, paid by the petitioner for the cancellation of a 20-year sublease on the premises covered by a 99-year lease which was acquired at a cost of $105,000, is a capital expenditure amortizable over the remaining term of the 99-year lease, or an ordinary and necessary business expense deductible from gross income in the year in which payment is made.

Counsel for the parties have entered into and filed in the record hereof a stipulation of facts, together with various exhibits attached thereto, constituting the only evidence offered in these proceedings, which we accept and incorporate herein by reference as a part of this report.

The underlying facts essential to a decision of the question here presented are stipulated as follows:

In April, 1923, the Home Trust Company, one of the petitioners herein, pur-chased the assets of the Central Exchange National Bank, which at the time of the purchase, was conducting its banking business at 1019 Grand Avenue, Kansas City, Missouri. The Home Trust Company, at the time it purchased the assets of the Central Exchange National Bank, occupied quarters at 1121 Walnut Street, Kansas City, Missouri, it was determined that neither of the properties mentioned above were sufficient for the needs of the combined business. The necessary banking quarters were secured by the acquisition of the premises located at 1117 Walnut Street in the manner hereinafter indicated.

On April 29, 1919, W. B. Thayer and wife leased to one Herbert M. Woolf, the premises located at 1117 Walnut Street, Kansas City, Missouri, for a period of 99 years. Under date of July 1, 1919, the said 99-year lease was assigned by Herbert M. Woolf to the Columbia Realty Company, a Missouri corpora-tion.

Under date of June 27, 1919, the Columbia Realty Company, a Missouri corporation, leased the said above mentioned premises at 1117 Walnut Street, Kansas City, Missouri, to the Childs Company, a New York corporation, for a period of 20 years.

On February 18, 1924, Herbert M. Woolf, David M. Lighton and David Bachrach, the owners of the capital stock of the Columbia Realty Company, a Missouri corporation, sold to the Home Trust Company, one of the taxpayers herein, all of the stock of the said Columbia Realty Company for a total consideration of $105,000.

On February 28, 1924, the Columbia Realty Company and the Childs Company entered into an agreement whereby for a consideration of $75,000,

the above mentioned lease was "merged and extinguished." The said consideration of $75,000 was paid by the Home Trust Company, one of the taxpayers herein, directly to the Childs Company, a New York corporation.

Under date of May 31, 1924, the said Columbia Realty Company assigned the above mentioned lease to the said Home Trust Company, one of the taxpayers herein.

Shortly after May 31, 1924, the said Columbia Realty Company was dissolved by voluntary action of its stockholders. As soon as the cancellation of the Childs Company lease was obtained, said Company removed from the said premises and the Home Trust Company took immediate steps to install its banking business in the new quarters at 1117 Walnut Street, Kansas City, Missouri. After extensive alterations and improvements, the transfer of the banking business of the Home Trust Company to its new quarters at 1117 Walnut Street was accomplished in October, 1924, and the Bank has ever since occupied said premises for its business.

The effect of the several transfers set out above was that at May 31, 1924, the Home Trust Co. became the owner of the 99-year lease at a cost of $105,000, which it paid for all the stock of the Columbia Realty Co., plus $75,000, which, through the Columbia Co., it paid to the Childs Co. for the cancellation of the 20-year lease. The parties agree that the amount of $105,000 should be regarded as a bonus which the petitioner paid to acquire the 99-year lease, and, that such payment is a capital expenditure amortizable ratably over the term of the lease remaining at date of such acquisition. They disagree as to the nature of the payment of $75,000 made to secure the cancellation of the 20-year lease. The respondent holds that such payment, for Federal tax purposes, should be regarded as in the same category with the $105,000, and that the sum of the two is a capital expenditure made to acquire the 99-year leasehold. The petitioners, in their consolidated income tax returns for the taxable years, and for the purpose of this proceeding, contend that the latter payment should be regarded as an ordinary and necessary business expense deductible from gross income in the year of payment.

The petitioners are a bank and an affiliated subsidiary corporation thereof. Before 1923 their business had outgrown the building in which they operated. The property covered by the 99-year lease was suitable for their purposes and was acquired in the manner set forth in the stipulation, and, in 1924, and thereafter, was occupied and used as their offices. It seems clear that the amount of $75,000 paid to secure the cancellation of the sublease was not an expense incident to the production of income in either of the taxable years, and, therefore, is not a deduction allowable under the provisions of section 214(a) of the Revenue Acts of 1921 and 1924. It is equally clear that the payment was a part of the cost of the 99-year lease which the petitioner acquired free from all encumbrances at May 31, 1924.

The petitioners rely on our decision in *Higginbotham-Bailey-Logan Co.*, 8 B. T. A. 566. The facts in that proceeding distinguish it from the instant appeal. There, the owners of the fee in certain real estate paid money to acquire a lease on their own property. Since it is well established that an owner can not be his own lessee, the lease so acquired was extinguished or merged in the fee. Nothing amortizable was acquired. Here, two amounts of money were paid to secure unencumbered ownership of a capital asset with useful life for a definite term of years and both amounts passed before possession was secured. The two payments were steps in a single transaction in which the 99-year leasehold was later acquired upon the dissolution of the Columbia Realty Co., and their amount is the capital cost thereof and is amortizable ratably over the terms of such lease remaining after March 1, 1924. Cf. *Bonwit Teller & Co.*, 17 B. T. A. 1019; *Julia Stow Lovejoy*, 18 B. T. A. 1179; *Columbia Theatre Co.*, 3 B. T. A. 622; *Charles N. Manning*, 7 B. T. A. 286; *Anahma Realty Corporation*, 16 B. T. A. 749. The determination of the respondent as to this issue is affirmed.

The tax liability of each of the petitioners for each of the taxable years will be redetermined in conformity with the stipulation and this opinion.

Reviewed by the Board.

*Decision will be entered under Rule 50.*

PHILLIPS concurs in the result only.

TRAMMELL dissents.

STERNHAGEN, dissenting: The petitioner bought stock in another corporation for $105,000, then advanced $75,000 to its subsidiary as a means of getting rid of the sublessee, and then dissolved the subsidiary. These are facts, each with its substantial legal significance; and I can not agree that we may take the whole situation, ignore the clear facts, and say that the petitioner paid $180,000 for a 99-year lease.