STEELE-WEDELES COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43068.   Promulgated May 31, 1934.

*Harry Thom, Esq.*, and *Freeman Day, Esq.*, for the petitioner.
*Eldon McFarland, Esq.*, for the respondent.

#### OPINION.

STERNHAGEN: The Commissioner determined a deficiency of $18,667.15 in petitioner's income tax for 1924. The only item contested is the disallowance of a deduction of $150,000 paid by petitioner to

its sublessee for the cancellation of the sublease. There is no dispute about the facts.

The petitioner, an Illinois corporation, was engaged in the wholesale grocery business and kept its accounts and made its 1924 return on an accrual basis.

On April 1, 1895, a lease of certain land in Chicago was made by the fee owners to Sibley Warehouse & Storage Co. for 98 years for a total rent of $490,000, payable $416.66 per month, plus taxes, etc., the lessee to erect a building. The lessee could sublet or assign.

On August 1, 1907, the petitioner acquired by assignment the lessee's rights under the aforesaid lease for the full term. Only a nominal consideration was stated in the assignment, although petitioner agreed immediately to erect an eight-story fireproof building, to cost $200,000. The petitioner thereupon as " lessor " leased for the full term a part of the basement and first floor and tunnel level to the Chicago Warehouse & Terminal Co. for $639,375 at the rate of $7,500 a year, payable $1,875 quarterly.

In 1924, while petitioner occupied part of this building and also another building close by, it was required through condemnation to vacate the other building. The most convenient and least expensive thing for petitioner to do was to secure from its sublessee the surrender and cancellation of its sublease so that it could occupy the subleased premises for its own business purposes, and this it did on April 29, 1924, in consideration of its payment to the sublessee of $150,000, the cancellation being effective December 31, 1924. Certain sub-basement and tunnel level occupancy for shorter terms was excepted from the surrender and cancellation.

In its income tax return for 1924 it deducted the $150,000 as an ordinary and necessary business expense, and the Commissioner disallowed the deduction, holding the amount to be amortizable ratably over the period of the petitioner's leasehold, and that since the cancellation was not effective in 1924 no amount was deductible in that year as such amortization.

The Commissioner's disallowance is in accordance with *Home Trust Co.* v. *Commissioner*, 65 Fed. (2d) 532, affirming, 21 B.T.A. 1255. In that opinion *Higginbotham-Bailey-Logan Co.*, 8 B.T.A. 566, was distinguished with a reservation as to its soundness. The same distinction exists here. The petitioner's payment was not for the unlimited possession of premises which it owned in fee, as in the *Higginbotham* case, but for the possession during the limited term until 1993. The fact that this term was being acquired by way of surrender of a sublease rather than by an assignment or a new lease leaves it none the less true that $150,000 was being invested in a leasehold for a limited term for the purpose of con-

ducting business and that the payment was not an ordinary current business expense which should be charged against the income of the year. The determination is sustained.

Reviewed by the Board.

*Judgment will be entered under Rule 50.*