## STERN–SLEGMAN–PRINS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10256.

Circuit Court of Appeals, Eighth Circuit.

Sept. 19, 1935.

290

Louis H. Ehrlich, Jr., of Kansas City, Mo. (Paul R. Stinson, of Kansas City, Mo., on the brief), for petitioner.

Howard P. Locke, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., and Norman D. Keller, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

GARDNER, Circuit Judge.

This matter is before us on petition to review a decision of the Board of Tax Appeals disallowing certain deductions from petitioner's income for the taxable years 1929 and 1930 and determining deficiencies for each of said years. The facts were stipulated before the Board of Tax Appeals, and it appears therefrom that the petitioner is a Missouri corporation, organized by Ferdinand Stern, Saul Slegman, and Frank L. Prins, who became directors of the company, and who have ever since served as such. These three men are, and since the organization of the company have been, the sole stockholders, each owning an equal part of the capital stock, the sole directors, and the sole officers of the company. The books of the company are kept on the accrual basis, and the income reported on the calendar year basis.

On December 28, 1928, the board of directors of petitioner adopted a resolution fixing the salary of each of the officers, the president, vice president, and secretary and treasurer, at $12,500 per annum, and on December 30, 1929, adopted a resolution whereby each of the officers was required to donate to the corporation $5,000 of his undrawn salary as paid-in surplus. This resolution is in the following words: "Resolved that the officers donate $5,000.00 each of their salaries undrawn, as paid-in surplus."

For the year 1930, the record is practically the same as that for 1929, except that the resolution provides for a donation of $3,500 by each officer, instead of a donation of $5,000.

The earnings of the company for the years 1929 and 1930 were sufficient to pay the salaries in full. Pursuant to these resolutions, there was credited on the books of the company, to the paid-in surplus account, the respective amounts so allegedly donated by the officers, and the amount of each individual officer's donation was charged against the personal account of each officer. The amounts represented by these so-called donations were in fact not paid to the officers by the corporation, but the whole transaction was evidenced by bookkeeping entries only.

In its income tax returns for each of these years, the corporation deducted as salaries of the officers the full amounts as voted by the board of directors, without regard to the fact that the company had not paid out that amount, but had retained in its paid-in surplus the amounts of the so-called donations. The Commissioner disallowed the salaries to the amounts of these so-called donations, and this action of the Commissioner was affirmed by the United States Board of Tax Appeals.

The petitioner contends: (1) That "the actions of petitioner and its corporate officers were not in legal effect an adjustment downward of the officers' salaries, but were in legal effect gifts by the officers to the corporation, and that the salaries were not reduced"; (2) that the obligations of the officers were ordinary and necessary expenses incurred within the meaning of section 23, subsection (a), of the Revenue Act of 1928, 26 USCA § 2023 (a).

Section 23, subsection (a), of the Revenue Act of 1928, 26 USCA § 2023 (a), provides:

"In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered."

While the salaries of the officers were fixed by resolution adopted by the board of directors for each of the years here under consideration, it appears that before the end of each taxable year the board of directors again took action on the matter of these officers' salaries. The effect of the later action of the board was to readjust these officers' salaries. For the year 1929, each officer's salary was reduced by the sum of $5,000, and for the year 1930 each officer's salary was reduced by the sum of $3,500. At least, by this action acquiesced in by the officers, the corporation was relieved from making such payments.

It is earnestly contended that these officers, instead of consenting to a readjustment of their salaries, made donations to the paid-in surplus. It is significant that whatever was done in the matter was done pursuant to action of the board of directors. The board of directors had authority during the taxable year to readjust the salaries of its officers, particularly with their consent. The board of directors, however, had no authority to require any of the individuals who were acting as its officers to make it a donation of funds. The directors, by their action, asserted dominion over the funds in the company's possession, and they required that the officers leave it in the treasury of the company as a part of its paid-in surplus. We must assume that the board was acting in a matter on which it had authority to act, and, as already observed, the only thing the board had a right to act upon was the salaries of these officers. After these proceedings, all occurring within the taxable years involved, there was no liability or obligation on the part of the corporation to pay the questioned amounts to its officers, and it did not in fact pay them. The expense was therefore not incurred. Bauer Bros. Co. v. Commissioner of Internal Revenue (C. C. A. 6) 46 F.(2d) 874, 875; Skinner Mfg. Co. v. United States (Ct. Cl.) 8 F. Supp. 741, 745; Desco Corporation v. United States (D. C.) 55 F.(2d) 411.

In Bauer Bros. Co. v. Commissioner of Internal Revenue, supra, the Circuit Court of Appeals of the Sixth Circuit had before it a case in which the corporation had deducted from its returns as expenses for the taxable year bonuses allowed to certain employees and officers, which were paid in the following year pursuant to a resolution at a meeting of the board of directors in the following year. The court, in sustaining a disallowance of the deduction, said:

"Our first concern is with the sense in which the term 'incurred' is used in section 234. It seems not to be disputed here that expenses are incurred only when there is an agreement or a legal obligation to pay them within the taxable year. Indeed, that seems to be the view taken of the very language of this section by the Supreme Court of the United States in Lucas, Commissioner of Internal Revenue, v. Ox Fibre Brush Co., 281 U. S. 115, 50 S. Ct. 273, 74 L. Ed. 733. * * *

"It will therefore be observed that, whether the term 'incurred' as used in the Revenue Act of 1918 is used in a technical legal sense or in an economic or bookkeeping sense, the expenses are not incurred unless there has arisen a legal obligation to pay them, and they do not accrue within a given taxable year unless all of the events which fix the amount and determine the liability of the taxpayer to pay occur within that year."

Here, it appears that before the end of the year the corporation was relieved of its obligation to pay these amounts as salaries, and it did not in fact pay them. True, there are some bookkeeping entries

upon which petitioner relies, but book-keeping entries cannot take the place of nor create expenses incurred. Doyle v. Mitchell Bros. Co., 247 U. S. 179, 38 S. Ct. 467, 62 L. Ed. 1054; Reed v. United States (C. C. A. 8) 51 F.(2d) 941; Douglas et al. v. Edwards (C. C. A. 2) 298 F. 229.

In Couch v. Commissioner, 1 B. T. A. 103, the Board of Tax Appeals had occasion to consider this exact question, and in its decision in the instant case it relies largely upon the principle announced in the Couch Case. In that case it is said: "Salary arrangements between corporations and their principal stockholders and managers in cases like this one, where the manager is expected by his associates to protect the interests and the future prospects of the company even at a sacrifice to himself, are and must be at all times subject to such modifications as may be made by agreement from time to time; and it appears to us that the arrangement entered into by this taxpayer and this corporation in the month of December, 1920, clearly shows an intent on the part of both sides to modify the prior existing agreements in regard to this taxpayer's compensation, and that such modification was actually made in good faith and the accounts of the company adjusted accordingly."

In Skinner Mfg. Co. v. United States, supra, the Court of Claims considered a situation very similar to that presented in the instant case. In the course of the opinion it is there said: "But, as a result of the letters which were written by Skinner waiving a part of his salary in each of the years 1921 to 1924, the entire amount of $18,000 did not accrue in those years, but rather $18,000 less the salary waived. It is true that Skinner expressly stated that, without waiving any of his rights under the contract, he was making a donation of a part of his salary to plaintiff, and from this it can be urged that the contract remained in full force and effect, and that what occurred was that Skinner constructively received the entire salary of $18,000 each year and constructively delivered a part of it to plaintiff as a gift. But, after all, taxation is eminently practical, Tyler v. United States, 281 U. S. 497, 50 S. Ct. 356, 74 L. Ed. 991, 69 A. L. R. 758, and, from a practical as well as a reasonable standpoint, we do not think such a construction of the words used and acts of the parties is justified. In our opinion, what occurred amounted to nothing more than a waiver or relinquishment by Skinner of a part of what he was entitled to receive under the contract and the acceptance of such waiver or relinquishment by plaintiff which amounted to a modification of the contract in that respect."

In the circumstances of this case, the officers being equally interested financially in the welfare of the corporation, it seems clear that during the taxable year the corporation, certainly with the consent of its officers, had a right to readjust these salaries, and the officers had a right to waive their claims to the salaries as fixed by a prior resolution, and as a result of the action of the board and the waiver of the officers, the corporation was relieved from the obligation of paying these salaries, and hence, not having actually paid the salaries, and being relieved from any obligation so to do, it is not entitled to claim these amounts as deductions from its income as "ordinary and necessary expenses paid or incurred during the taxable year."

We are of the view that the decision of the Board of Tax Appeals was correct, and the petition to review is therefore dismissed.