**WELCH, Collector, v. DE BLOIS et al.**

**No. 3310.**

Circuit Court of Appeals, First Circuit.

Feb. 15, 1938.

Ellis N. Slack, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., and Francis J. W. Ford, U. S. Atty., and Arthur L. Murray, Sp. Asst. to U. S. Atty., both of Boston, Mass., on the brief), for appellant.

R. Gaynor Wellings, of Boston, Mass., (Burton E. Eames and Tyler, Eames & Reynolds, all of Boston, Mass., on the brief), for appellees.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

MORTON, Circuit Judge.

This is an appeal by the collector from a judgment in favor of the taxpayer. The taxes involved are income taxes for the year 1933 collected under the Revenue Act of 1932, 47 Stat. 169, c. 209. There is no controversy as to the facts. The plaintiffs are trustees managing a substantial amount of business real estate under a written declaration of trust; they are taxable as a corporation. They kept books on a cash receipts and disbursements basis, as distinguished from the accrual method. Both methods are recognized by the Commissioner as proper for the determination of taxable income. It is of course necessary, in a business sense, that the properties managed by the plaintiffs be kept insured. During the year in question the plaintiffs needing insurance on their properties obtained it in the usual and cheapest way by policies running several years; and they paid therefor in cash $8,706.48. If bought on a year to year basis the insurance would have been more expensive; it is not customary to effect such insurance on a year to year basis. Only a portion of the value

of the policies was used up in 1933; at the end of that year the policies had a substantial time to run and a substantial surrender value. The proportionate part of the total premiums applicable to the year 1933 amounted to $1,228.96, the balance of the payment was for the succeeding years. The policies are said to have been an "ordinary kind," by which we understand ordinary in their provisions including the length of the terms. The plaintiffs deducted as "ordinary and necessary" expenses of doing business in 1933 the entire premiums actually paid. The Commissioner disallowed as expenses all amounts above that attributable to the year 1933, viz., $1,228.96, and assessed the deficiency income tax here in question.

The statute, Revenue Act 1932, §§ 23, 41, 48, 26 U.S.C.A. §§ 23, 41, 48 and notes, provides:

"§ 23. Deductions from Gross Income

"In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business," etc.

"§ 41. General Rule

"The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer."

"§ 48. Definitions

"When used in this title [chapter]— * * *

"(c) Paid, incurred, accrued. The terms 'paid or incurred' and 'paid or accrued' shall be constructed according to the method of accounting upon the basis of which the net income is computed under this Part."

"§ 41. The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, the computation shall be made in accordance with such method as in the opinion of the Commissioner does clearly reflect the income."

The Government assimilates the purchase of the insurance to the acquisition of a capital asset of limited duration and contends that only the ratable portion of the cost of the policies is deductible as an expense in each year. In the account of the trust for the year unexpired insurance was carried as an asset; and the Government suggests that this shows conclusively the nondeductible character of so much of the payment as constituted an asset at the end of the year.

We do not think that this necessarily follows. The computation of net income for income tax purposes is to some extent a conventional matter. It may be done in either of two widely different methods. Each method, if strictly adhered to, produces over a period of years a correct result; a combination of the two methods is not likely to do so. The statute provides that: "The net income shall be computed * * * in accordance with the method of accounting regularly employed in keeping the books of such taxpayer." There is a further provision that if the taxpayer's method is inadequate the Commissioner may adopt a correct method of determining the income; but no objection appears to have been made that the taxpayer's method was not the usual one when books were kept on the cash basis. In carrying on any business the purchase and consumption of supplies will not exactly register with the accounting periods; a taxpayer using coal or cotton in large quantities may buy and pay for a cargo of coal or a shipment of cotton which will not be exhausted before the end of its accounting year. In such cases if the purchase was one which would ordinarily be made by a person carrying on that business in the usual course of business, the intention of the statute clearly is, we think, that it should be treated as a deductible expense of the year in which the payment occurred. Insurance stands on the same footing.

As the District Judge said, there is a well-recognized custom of buying insurance policies which run several years in order to obtain the benefit of the lower rates on such insurance. Barring statutory changes in tax laws which may affect the matter either way, and variations in income which may affect the surtax, the results are the same whichever method is adopted and adhered to. Insurance which is purchased and paid for this year obviously will not furnish a deductible ex-

844

pense for next year. If the cost of insurance is apportioned between different years, the cost of many other kinds of materials and supplies and equally ordinary requirements, must also be apportioned, and great difficulties in accounting will be introduced which are foreign to the principle which the statute contemplates and will serve no useful purpose. Expenditures for such things are in no true sense capital expenditures. "The standard set up by the statute [the one here in question] is not a rule of law; it is rather a way of life. * * * Unless we can say from facts within our knowledge that these are ordinary and necessary expenses according to the ways of conduct and the forms of speech prevailing in the business world, the tax must be confirmed." Cardozo, J., Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212. The District Judge expressly found: "that these payments were ordinary and necessary according to the ways of conduct and the forms of speech prevailing in the business world, and, as such, were proper deductions." In Osterloh v. Lucas, 9 Cir., 37 F.2d 277, 278, it was said: "The method of accounting regularly employed by the petitioner is a recognized one within the meaning of the act, and should be accepted as controlling unless such method does not clearly reflect the income. * * * The case turns largely upon what is meant by the requirement that the method of accounting shall clearly reflect the income. If this requirement is absolute, it is safe to say that books kept on the basis of cash received and disbursed will rarely, if ever, reflect the true income, because nearly always at the end of a tax year accounts due the taxpayer will remain uncollected and some of his own obligations will remain unpaid. But we do not think that any such literal construction was contemplated. In our opinion, all that is meant is that the books shall be kept fairly and honestly; and when so kept they reflect the true income of the taxpayer within the meaning of the law. In other words, the books are controlling, unless there has been an attempt of some sort to evade the tax. This construction may work to the disadvantage of the taxpayer or the government at times, but if followed out consistently and honestly year after year the result in the end will approximate equality as nearly as we can hope for in the administration of a revenue law." Rudkin, J., ubi supra. With this statement we fully agree. Cases in

which the return was made on an accrual basis obviously have no bearing on the present question.

The judgment of the District Court is affirmed.