COMMISSIONER OF INTERNAL REVENUE v. BOYLSTON MARKET ASS'N.

No. 3783.

Circuit Court of Appeals, First Circuit.

Dec. 11, 1942.

---

Joseph M. Jones, Sp. Asst. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Sp. Asst. to the Atty. Gen., J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and John T. Rogers, Sp. Atty., Bureau of Internal Revenue, all of Washington, D. C., for petitioner.

Earle W. Carr and Gaston, Snow, Rice & Boyd, all of Boston, Mass., for Boylston Market Ass'n.

Before MAGRUDER, MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

The Board of Tax Appeals reversed a determination by the Commissioner of Internal Revenue of deficiencies in the Boylston Market Association's income tax of $835.34 for the year 1936, and $431.84 for the year 1938, and the Commissioner has appealed.

The taxpayer in the course of its business, which is the management of real estate owned by it, purchased from time to time fire and other insurance policies covering periods of three or more years. It keeps its books and makes its returns on a cash receipts and disbursements basis. The taxpayer has since 1915 deducted each year as insurance expenses the amount of insurance premiums applicable to carrying insurance for that year regardless of the year in which the premium was actually paid. This method was required by the Treasury Department prior to 1938 by G.C.M. 13148, XIII-1 Cum.Bull. 67 (1934).

Prior to January 1, 1936, the taxpayer had prepaid insurance premiums in the amount of $6,690.75 and during that year it paid premiums in an amount of $1082.77. The amount of insurance premiums prorated by the taxpayer in 1936 was $4421.76. Prior to January 1, 1938, it had prepaid insurance premiums in the amount of $6148.42 and during that year paid premiums in the amount of $890.47. The taxpayer took a deduction of $3284.25, which was the amount prorated for the year 1938. The Commissioner in his notice of deficiency for the year 1936 allowed only $1082.77 and for the year 1938 only $890.47, being the amounts actually paid in those years, on the basis that deductions for insurance expense of a taxpayer on the cash receipts and disbursements basis is limited to premiums paid during the taxable year.

We are asked to determine whether a taxpayer who keeps his books and files his returns on a cash basis is limited to the deduction of the insurance premiums actually paid in any year or whether he should deduct for each tax year the pro rata portion of the prepaid insurance applicable to that year. The pertinent provisions of the statute are Sections 23 and 43 of the Revenue Act of 1936,[1] 49 Stat. 1648, 26 U.S.C.A.Int.Rev.Acts, pages 813, 827, 839.

This court in Welch v. DeBlois, 1 Cir., 1938, 94 F.2d 842, held that a taxpayer on the cash receipts and disbursements basis who made prepayments of insurance premiums was entitled to take a full deduction for these payments as ordinary and necessary business expenses in the year in which payment was made despite the fact that the insurance covered a three-year period. The government on the basis of that decision changed its earlier G.C.M. rule, supra, which had required the taxpayer to prorate prepaid insurance premiums. The Board of Tax Appeals has refused to follow that case in George S. Jephson v. Com'r, 37 B.T.A. 1117; Frank Real Estate

---

[1] "§ 23. Deductions from Gross Income

"In computing net income there shall be allowed as deductions:

"(a) Expenses. All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services actually rendered * * *."

"§ 43. Period for Which Deductions and Credits Taken

"The deductions and credits (other than the dividends paid credit provided in section 27) provided for in this title shall be taken for the taxable year in which 'paid or accrued' or 'paid or incurred', dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period * * *".

968

& Investment Co., 40 B.T.A. 1382, unreported memorandum decision Nov. 15, 1939, and in the instant case. The arguments in that case in favor of treating prepaid insurance as an ordinary and necessary business expense are persuasive. We are, nevertheless, unable to find a real basis for distinguishing between prepayment of rentals, Baton Coal Co. v. Commissioner, 3 Cir., 1931, 51 F.2d 469, certiorari denied 284 U.S. 674, 52 S.Ct. 129, 76 L.Ed. 570; Galatoire Bros. v. Lines, 5 Cir., 1928, 23 F. 2d 676; See Main & McKinney Building Co. v. Commissioner, 5 Cir., 1940, 113 F.2d 81, 82, certiorari denied 311 U.S. 688, 61 S.Ct. 66, 85 L.Ed. 444; bonuses for the acquisition of leases, Home Trust Co. v. Commissioner, 8 Cir., 1933, 65 F.2d 532; J. Alland & Bro., Inc. v. United States, D.C. Mass.1928, 28 F.2d 792; bonuses for the cancellation of leases, Steele-Wedeles Co. v. Commissioner, 30 B.T.A. 841, 842; Borland v. Commissioner, 27 B.T.A. 538, 542; commissions for negotiating leases, see Bonwit Teller & Co. v. Commissioner, 2 Cir., 1931, 53 F.2d 381, 384, 82 A.L.R. 325, and prepaid insurance. Some distinctions may be drawn in the cases cited on the basis of the facts contained therein, but we are of the opinion that there is no justification for treating them differently insofar as deductions are concerned. All of the cases cited are readily distinguishable from such a clear cut case as a permanent improvement to a building. This latter is clearly a capital expenditure. See Parkersburg Iron & Steel Co. v. Burnet, 4 Cir., 1931, 48 F.2d 163, 165. In such a case there is the creation of a capital asset which has a life extending beyond the taxable year and which depreciates over a period of years. The taxpayer regardless of his method of accounting can only take deductions for depreciation over the life of the asset. Advance rentals, payments of bonuses for acquisition and cancellation of leases, and commissions for negotiating leases are all matters which the taxpayer amortizes over the life of the lease. Whether we consider these payments to be the cost of the exhaustible asset, as in the case of advance rentals, or the cost of acquiring the asset, as in the case of bonuses, the payments are prorated primarily because the life of the asset extends beyond the taxable year. To permit the taxpayer to take a full deduction in the year of payment would distort his income. Prepaid insurance presents the same problem and should be solved in the same

way. Prepaid insurance for a period of three years may be easily allocated. It is protection for the entire period and the taxpayer may, if he desires, at any time surrender the insurance policy. It thus is clearly an asset having a longer life than a single taxable year. The line to be drawn between capital expenditures and ordinary and necessary business expenses is not always an easy one, but we are satisfied that in treating prepaid insurance as a capital expense we are obtaining some degree of consistency in these matters. We are, therefore, of the opinion that Welch v. DeBlois, supra, is incorrect and should be overruled.

The decision of Board of Tax Appeals is affirmed.