ROBERT S. BASSETT AND FLORENCE B. BASSETT, PETITIONERS, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52312.    Filed June 21, 1956.

*Ralph Ulsh, Esq.*, for the petitioners.
*James J. Quinn, Esq.*, for the respondent.

### OPINION.

LEMIRE, *Judge:* This proceeding involves a deficiency in income taxes of petitioners for the year 1950 in the amount of $3,409.12.

The issue is whether in computing the deduction for medical expenses in a given taxable year a taxpayer may include a prepaid item for medical care to be incurred in a subsequent year.

All the facts have been stipulated and are so found. They may be summarized as follows:

Petitioners are husband and wife and reside in the city of Buffalo, New York. Their joint income tax return for the taxable year 1950 was filed with the collector of internal revenue for the twenty-eighth district of New York.

The books of account of petitioners were kept and their tax returns were filed on the cash basis.

On their 1950 return petitioners reported gross income of $189,869.15 and medical expenses aggregating $12,634.07. They claimed a deduction of $3,140.61, not compensated for by insurance or otherwise, being the difference between 5 per cent of the adjusted gross, or $9,493.46, and the amount of $12,634.07.

The total medical expenses reported included the sum of $7,993.85, now stipulated to be $7,987.85, paid to Millard Fillmore Hospital for the medical care of Jennie Banks, the 80-year-old mother of petitioner Florence B. Bassett.

On March 14, 1948, Jennie Banks fractured her left hip and was admitted to Millard Fillmore Hospital. On May 28, 1948, she fell and refractured her left hip, and it is conceded that she has become permanently disabled and will require hospitalization and medical care for the remainder of her life.

The total charges of the hospital for the care of Jennie Banks and the amounts paid and credited against the charges for the years 1948 and 1949 were as follows:

| Year | Charges | Payments |
|---|---|---|
| 1948 | $3,295.96 | $2,980.21 |
| 1949 | 3,866.03 | 4,055.78 |
| Total | $7,161.99 | $7,035.99 |

The charges exceeded the payments by the sum of $126 for such years.

On December 29, 1950, petitioner Robert S. Bassett paid the hospital the amount of $4,126 for the care of Jennie Banks, which was credited as a payment in advance.

The total charges of the hospital for the care of Jennie Banks for the years 1950 and 1951 were $3,863.65 and $3,848.50, respectively.

There was no discussion or special arrangements made with the hospital when the payment of $4,126 was made on December 29, 1950. It is the general rule and practice of the hospital to bill and collect charges for hospitalization usually for at least one week in advance, and the rules of the hospital require payment in advance.

The sum of $4,126 paid on December 29, 1950, was all used in discharge of hospital expenses of Jennie Banks and paid all the charges through January 20, 1952.

In computing the deficiency the respondent disallowed the deductions claimed for medical expenses on the ground that $4,000 of the payment made on December 29, 1950, was not a payment for medical care for the year 1950 but an advance payment or deposit for medical services to be rendered in subsequent years.

The legal question presented is one of first impression and involves the construction of section 23 (x) of the Internal Revenue Code of 1939.[1]

Petitioners contend that the contested payment satisfies the two tests specified in the statute, i. e., a payment made in the taxable year and for medical care. We are of the opinion that the section may not be so literally and narrowly construed.

In *United States* v. *Kirby*, 74 U. S. 482, 486, the Court stated:

All laws should receive a sensible construction. General terms should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It will always, therefore, be presumed that the legislature intended exceptions to its language, which would avoid results of this character. The reason of the law in such cases should prevail over its letter.

---

[1] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

\* \* \* \* \* \* \*

(x) MEDICAL, DENTAL, ETC., EXPENSES.—Expenses paid during the taxable year, not compensated for by insurance or otherwise, for medical care of the taxpayer, his spouse, or a dependent specified in section 25 (b) (3), to the extent that such expenses exceed 5 per centum of the adjusted gross income. \* \* \*

See also *Sorrells* v. *United States*, 287 U. S. 435.

The intent of section 23 (x) of the Code appears to be clear. It is to allow a deduction for expenses incurred and paid in the taxable year for medical care. Expenses are not incurred in the taxable year unless a legal obligation to pay has arisen. *Bauer Bros. Co.* v. *Commissioner*, 46 F. 2d 874, 875; *Stern-Slegman-Prins Co.* v. *Commissioner*, 79 F. 2d 289, 291, affirming a Memorandum Opinion of this Court.

To construe the statute as petitioners contend, in our opinion, would violate the purpose of its enactment and yield a result contrary to the Congressional intent. In computing the medical expenses for a taxable year, to include a prepaid item for medical services not rendered in the year of payment might qualify a taxpayer for a medical deduction, whereas if an advance payment for medical care is not given recognition the total medical expense may not be in excess of the 5 per cent limitation in either the taxable year or ensuing years. The use of prepaid items might, therefore, have the effect of distorting income. Furthermore, if an advance payment for one year is to be recognized as within the purview of section 23 (x), such payments for a number of years would have to be treated as within the statute.

Aggregate payments made in the taxable year for medical expenses actually incurred in prior years have been allowed in computing the medical deduction under section 23 (x). In such situations both the letter and the intent of the statute are met.

The courts have denied a deduction by a lessee for advance rental payments, *Galatoire Bros.* v. *Lines*, 23 F. 2d 676; for prepaid insurance premiums to a taxpayer on the cash basis, *Commissioner* v. *Boylston Market Ass'n*, 131 F. 2d 966, affirming a Memorandum Opinion of this Court; and for advance payments for services to be performed in a subsequent year, *Hallack & Howard Lumber Co.*, 18 B. T. A. 954. The advance payment here in question is analogous in principle to those involved in the foregoing authorities.

We therefore hold that the advance payment for medical services to be rendered in a subsequent year may not be considered as a medical expense in the taxable year in determining whether petitioner qualifies for a medical deduction under section 23 (x) of the Internal Revenue Code of 1939. The respondent's disallowance of the advance payment is sustained.

The medical deduction, if any, to which the petitioner is entitled for the taxable year 1950 by reason of other adjustments is to be computed under the rule in accordance herewith.

Reviewed by the Court.

*Decision will be entered under Rule 50.*