**BONAIRE DEVELOPMENT COMPANY, a California Corporation, successor by merger to Branjon, Inc., Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 81–7469.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 12, 1982.

Decided June 8, 1982.

Harry Margolis, Los Gatos, Cal., for appellant.

David I. Pincus, Washington, D. C., for appellee.

Before SWYGERT,* KENNEDY, and ALARCON, Circuit Judges.

KENNEDY, Circuit Judge:

The principal issue on this appeal is the deductibility by a cash basis taxpayer of management fees it voluntarily paid in advance for services to be rendered beyond the taxable period. Appellant is transferee of the assets of Branjon, Inc., which was the transferee of the assets of N & V Realty Corporation ("N & V" or "N & V Realty"). Appellant is therefore liable for the deficiency in income taxes levied by the Commissioner against N & V Realty, the original taxpayer.

N & V Realty's sole asset was a shopping center. In December 1963, N & V entered into a contract with Lazarus Realty Co. under which Lazarus Realty would manage the shopping center property for a management fee of $24,000 a year, payable monthly at the rate of $2,000 per month. Sometime during the first five months of 1964, N & V paid $24,000 to Lazarus for the management fees for the calendar year. Branjon, Inc. purchased all of the stock of N & V Realty in April or May, 1964, and on May 19, 1964, N & V was completely liquidated and its assets were distributed to Branjon. N & V prepared its tax returns on a calendar year basis using the cash receipts and disbursements method of accounting. On its tax return for the short taxable year January 1 to May 19, 1964, N & V deducted the entire $24,000 as management fees. The Commissioner allowed the $10,000 portion attributable to the first five months of 1964, but disallowed the $14,000 deduction for the services attributable to the period June through December, 1964, which, of course, were never received by the dissolved corporation. The tax court affirmed the Commissioner's deficiency, 76 T.C. 789 (1981). We affirm the tax court's holding that the voluntarily prepaid fees cannot be deducted by the cash basis taxpayer as an ordinary and necessary business expense.

Taxpayers using the cash method of accounting may deduct allowable business expenses in the year in which they are paid, unless the expenditure results in the creation of an asset having a useful life which extends substantially beyond the taxable year, in which case amortization is required. Treas.Reg. 1.461–1(a). Under the "one-year rule" which we have adopted to define the latter exception, an expenditure creating an asset with a useful life beyond the taxable year of more than one year generally must be amortized. *Zaninovich v. Commissioner*, 616 F.2d 429, 432 (9th Cir. 1980); *see Commissioner v. Van Raden*, 650 F.2d 1046 (9th Cir. 1981). Appellant seeks to deduct the management fees as trade or business expenses, that is, "the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business", I.R.C. § 162(a). An expenditure by a cash method taxpayer for an item lasting less than one year, though, may not be immediately deductible as a necessary business expense, even if the prepayment is for goods or services that eventually will be deductible as business related. Courts have long held that, in general, for an expenditure to constitute an ordinary and necessary business expense of the taxable year in which it is paid, it must satisfy a legal obligation to pay that already has arisen. *See, e.g., Rose v. Commissioner*, 52 T.C. 521, 532 (1969); *Bassett v. Commissioner*, 26 T.C. 619 (1956); *cf. Bauer Bros. Co. v. Commissioner*, 46 F.2d 874, 876 (6th Cir. 1931) (accrual basis). If the taxpayer voluntarily makes an expenditure for future services or goods and the obligation is not due, the prepayment is not an ordinary and necessary business expense for the taxable period of payment, with two principal exceptions. A taxpayer may deduct overlapping prepayments that do not materially distort income in the year in which they are made if consistent with the taxpayer's treatment in other years, Treas. Reg. 1.461–1(a)(3)(i); *see Shippy v. United*

* Honorable Luther M. Swygert, Senior Circuit Judge, United States Court of Appeals for the Seventh Circuit, sitting by designation.

*States,* 308 F.2d 743 (8th Cir. 1962). Voluntary prepayments also may be deductible if the taxpayer has an appropriate or compelling business reason for making a payment in advance other than that it is due, such as to take advantage of depressed prices or to secure future deliveries or preferential treatment, *see, e.g., Cravens v. Commissioner,* 272 F.2d 895 (10th Cir. 1959); *cf. Shippy v. United States, supra.*

Courts have consistently applied these principles regarding voluntary expenditures to hold that various prepayments, such as for rent and insurance, should be spread ratably over the taxable years to which they relate, even for cash basis taxpayers. *See Williamson v. Commissioner,* 37 T.C. 941, 943 (1962) (citing cases) (advance payment in 1956 of "delay" rental payment on oil and gas lease for the period March 1, 1957, to March 1, 1958, which was not due until March 1, 1957, not deductible in 1956); *Bassett v. Commissioner,* 26 T.C. 619 (1956) (medical prepayments disallowed).

The disqualification of deductions for voluntary prepayments for future services is mandated by the distortion in net income that could be generated by permitting taxpayers to accelerate deductions and thereby to skew the usual matching of expenses against income. Before May 19, 1964, N & V Realty paid $14,000 in management fees for services to be rendered for the last seven months of the year. These payments were not yet due. The contract only required payments a month in advance, at the beginning of each month. N & V could not accelerate as a deductible expense for the taxable period ending May 19, 1964, fees attributable to later months simply by deciding to pay them in advance. N & V was not required to incur the expenditures during the period ending May 19, 1964, and it has not shown any other justification to support their deduction as an ordinary and necessary business expense of that period.

The impermissible distortion in net income arising from voluntary expenditures for future expenses must be distinguished from the distortions in matching inherent in the cash disbursements method of accounting itself. Cash basis taxpayers are entitled to take deductions when the obligations for expenses are paid, even though the services were rendered and billed or are attributable at least in part to an earlier tax period. As a corollary to this imprecision in the cash method, we have allowed taxpayers to fully deduct in the taxable period in which they are paid expenditures for services attributable in part to future taxable periods, when the prepayment was required and hence justified as ordinary and necessary. In such a case, the taxpayer is not voluntarily altering the payment and deduction schedule, and if there is any distortion, it arises from permitting taxpayers to use an accounting method other than the accrual basis.

We considered the treatment of required prepayments in *Zaninovich v. Commissioner, supra,* upon which appellant here mistakenly relies. In *Zaninovich* a cash basis, calendar-year taxpayer had paid on December 20, 1973, $27,000 rent for the period December 1, 1973 to November 30, 1974, under a lease that required the yearly rent to be paid by December 20 of each lease year. We adopted the "one-year rule" to determine the deductibility of necessary expenses, as discussed *supra,* and we held that the rental payment was fully deductible in the year in which it was paid and did not have to be deducted on a prorated basis. We noted that prorating the required prepaid rent would sacrifice the cash method for an inconsequential change in the timing of deductions, because in every year of the lease term except the first and last, the total prorated rents would equal the single cash payment that was attributable in part to future years. 616 F.2d at 433. We also recognized that proration was not needed to reflect income fairly, because the distortion was simply the imprecision built into the cash method, which does not precisely match items of expense and income. *Id.; see Waldheim Realty & Investment Co. v. Commissioner,* 245 F.2d 823, 828 (8th Cir. 1957) (to prorate required prepaid insurance premiums for cash basis taxpayer would be

to "create 'a divided and inconsistent method of accounting not properly to be denominated either a cash or an accrual system' ") (quoting *Security Flour Mills Co. v. Commissioner*, 321 U.S. 281, 287, 64 S.Ct. 596, 599, 88 L.Ed. 725 (1944)); *Osterloh v. Lucas*, 37 F.2d 277, 278–79 (9th Cir. 1930) (requirement that method of accounting shall clearly reflect income is not absolute; cash method kept fairly and honestly, year after year, "will approximate equality as nearly as we can hope for in the administration of a revenue law") (cited in *Zaninovich* ).

In *Zaninovich* we distinguished those cases, including *Williamson*, that involve voluntary advance payments, 616 F.2d at 431. In rejecting amortization we noted there was no contention or evidence to show distortion of income or an attempt by the taxpayer to evade taxes. Advance payment was required by the terms of the lease negotiated at arms length and containing provisions customary in the community, *id.* at 433. Unlike the prepayment required of the taxpayer in *Zaninovich*, the voluntary prepayments here contain an element of distortion not inherent in the cash method itself; the unilateral timing of deductions presents no assurance that reporting and the synchronization of expenses with income will be consistent from year to year.

N & V Realty was not required to pay the $14,000 in management fees, and hence cannot justify them as an ordinary and necessary business expense of the period ended May 19, 1964, even under the cash basis method of accounting. We reach this conclusion regardless of the fact that the corporation was dissolved at the end of the taxable period and received no future services from the prepayment. We also need not address the alternative contention of the Commissioner and the tax court that even if the payment was a deductible ordinary and necessary business expense, under the tax benefit rule N & V was required to include in its 1964 income the portion of the payment relating to the months after liquidation.

We reject appellant's remaining contentions regarding the Commissioner's recapture of depreciation and its liability as transferee for the reasons stated by the tax court.

AFFIRMED.