ROGER VERL JACOBSON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jacobson v. Commissioner
Docket No. 21536-81
United States Tax Court
T.C. Memo 1983-719; 1983 Tax Ct. Memo LEXIS 71; 47 T.C.M. (CCH) 499; T.C.M. (RIA) 83719; December 1, 1983. Decision will be entered under Rule 155. Roger Verl Jacobson, pro se. Joel A. Lopata, for the respondent. WILBUR
MEMORANDUM FINDINGS *72 OF FACT AND OPINION WILBUR, Judge: Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1977 of $3,850.28. The issues for decision are: (1) whether petitioner is entitled to an alimony deduction under section 215 [1] for amounts paid during 1977 for the support of his former wife; (2) whether costs of repairing and reconditioning rental property purchased by petitioner are deductible in 1977 or should be capitalized; (3) whether commissions and attorney's fees paid by petitioner in connection with the acquisition of rental property are deductible or should be capitalized; and (4) whether petitioner is entitled to deduct in 1977 prepaid insurance on a one-year policy covering a period of one month in 1977 and eleven months in 1978. Petitioner resided in Salt Lake City, Utah at the time the petition in this case was filed. He filed his U.S. Individual Income Tax Return for the 1977 taxable year with the Internal Revenue Service. Issue 1. Alimony
FINDINGS OF FACT AND OPINION *73 Petitioner separated from his ex-wife prior to January 1977 and was divorced pursuant to a divorce decree dates September 21, 1977. Prior to the divorce decree and during 1977, petitioner made payments to his ex-wife totalling $3,217.74 pursuant to an informal understanding between petitioner and his ex-wife. He was not obligated by any decree of separate maintenance, written separation agreement or any other written instrument to make such payments.Subsequent to the decree and pursuant to its provisions, petitioner made payments to his ex-wife totalling $1,425. Respondent allowed this amount as an alimony deduction but argues that the amount paid prior to the decree does not constitute alimony. We agree. Section 215(a) provides that alimony or support and maintenance payments which are includable in the gross income of the wife under section 71 shall be allowed as a deduction to the husband within his taxable hear.
There is no evidence showing a separate maintenance decree or a support decree which required petitioner to make alimony payments before the divorce decree of September 21, 1977.See sections 71(a)(1) and 71(a)(3). Thus, if petitioner is entitled to deduct any payments *74 he made to his ex-wife before September 21, 1977, the payments must be includable in her gross income under section 71(a)(2), which provides: (2) WRITTEN SEPARATION AGREEMENT.--If a wife is separated from her husband and there is a written separation agreement executed after the date of the enactment of this title, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such agreement is executed which are made under such agreement and because of the marital or family relationship (or which are attributable to property transferred, in trust or otherwise, under such agreement and because of such relationship). This paragraph shall not apply if the husband and wife make a single return jointly. Petitioner conceded that there was no written separation agreement which provides for the alimony payments he seeks to deduct. The language of section 71(a)(2) clearly requires a written agreement. See section 1.71-1(b)(2)(i), Income Tax Regs., which provides in part: "The periodic payments must be made under the terms of the written separation agreement after its execution and because of the marital or family relationship." In Herring v. Commissioner,66 T.C. 308, 311 (1976), *75 we stated: Section 71(a) applies only to payments made to a spouse or former spouse because of the family or marital relationship in recognition of the general obligation of support which is made specific by a decree or written agreement or instrument. Sec. 1.71-1(b)(4), Income Tax Regs. Payments made pursuant to an oral agreement simply do not satisfy the requirements of Section 71(a). The need for formal actions is apparent. In absence of such requirements, disputes would often arise as to the character of the payments, due to the fact that whether the payments are deductible to the transferor is dependent upon whether they are includable in the gross income of the transferee. * * * [Emphasis in original.] See also Bogard v. Commissioner,59 T.C. 97, 101 (1972); Clark v. Commissioner,40 T.C. 57, 59 (1963). It is unfortunate that the statutory requirements were not complied with here. Petitioner's sincerity and integrity were apparent at trial. The amounts petitioner paid to his former wife were no less in the nature of support than are amounts paid under more precise and formal agreements. However, Congress has imposed safeguards *76 and restricted alimony deductions to certain enumerated situations with well-defined provisions. The support arrangement herein does not meet those requirements. [2]
Accordingly, petitioner is not entitled to the deduction for payments made to his former wife before the divorce decree.
Issue 2. Repairs
FINDINGS OF FACT AND OPINION In November 1977, petitioner purchased a four-unit house for rental purposes at a cost of $30,000. At the time of purchase, one of the units was being rented while the other three were vacant. The property as a whole was in disrepair. Petitioner paid $6,247 to a contractor who made various repairs to the property. The repairs included trimming limbs from the trees that had been rubbing the roof; repairing water damage in the units; patching holes in the walls; repairing damaged electrical wiring; cleaning the carpeting, floors, and the exterior of the property; repairing the front porch; replacing electrical fixtures; and installing new cabinet doors and a formica countertop in one of the kitchens. Petitioner claimed a deduction in 1977 of $6,247 for the reconditioning *77 expenses. While respondent does not question the legitimacy or the substantiation of any of the claimed expenses, he claims that such expenditures should be capitalized. Petitioner claims that the expenses were currently deductible. Thus, we must determine whether the claimed expenses are currently deductible business expenses under section 162 or whether such expenses are capital expenditures under section 263.
Section 263(a) provides that no current deduction shall be allowed for capital expenditures. It is necessary to take into consideration the purpose for which an expenditure is made in determining whether such expenditure is capital is nature or constitutes a current expense. Oberman Manufacturing Co. v. Commissioner,47 T.C. 471, 482 (1967); Illinois Merchants Trust Co. v. Commissioner,4 B.T.A. 103 (1926). The cost of incidental repairs which neither materially add to the value of the property nor appreciably prolong its life, but keep it in an ordinarily efficient operating condition, may be deducted as an expense under section 162. Such expenditures are distinguishable from those for replacements, alterations, improvements or additions *78 which prolong the useful life of the property, increase its value or make it adaptable to a different use. Sections 1.162-4 and 1.263(a)-1(a)(1), Income Tax Regs.; Oberman Manufacturing Co. v. Commissioner,supra;Jones v. Commissioner,24 T.C. 563 (1955), affd. 242 F.2d 616 (5th Cir. 1957); H.S. Crocker Co., Inc. v. commissioner,15 B.T.A. 175 (1929); Illinois Merchants Trust Co. v. Commissioner,supra.
Petitioner submitted into evidence a proposal drawn up by a handyman for certain work to be performed on the property.In addition, petitioner testified as to the nature and purpose of the work performed. We found his testimony to be credible. Petitioner's testimony established that his purpose in having the work done to the house was to keep the property in an operating condition over its probable useful life for the uses for which it was purchased, and not to prolong the life of such property or make it adaptable to a different use. Although the property was in poor condition at the time of purchase, one of the units was in fact being rented at that time. Petitioner simply wished to *79 perform minor repairs on the property to make it more suitable for rental purposes. Indeed, the evidence indicates that most of the work consisted of "incidental repairs" necessary to keep the building in an "ordinarily efficient operating condition." Section 1.162-4, Income Tax Regs. Thus, we do not believe that the work performed on the property was part of a general plan of renovation on a piece of property that had lost its commerical usefulness. Cf. Stoeltzing v. Commissioner,266 F.2d 374 (3d Cir. 1959), affg. a Memorandum Opinion of this Court, and Jones v. Commissioner,supra (repairs which were part of overall plan of renovation and restoration of uninhabitable building must be capitalized). Nor, in our opinion, did the work materially add to the value of the property within the meaning of the regulations. While the repairs properly performed may have added value as compared with the situation existing at the time petitioner purchased the building, it did not materially enhance the value, use, life expectancy, strength, or capacity as compared with the status of the asset prior to the condition necessitating the expenditures. *80 Oberman Manufacturing Co. v. Commissioner,supra at 482-483; Plainfield-Union Water Co. v. Commissioner,39 T.C. 333 (1962). In so concluding, we note that the repairs cost only $6,247 as compared to the $30,000 petitioner paid for the building. Cf. Stoeltzing v. Commissioner,supra at 376 ("It seems hardly probable that as a matter of business an owner would expend $22,000, 200 percent more than the cost ascribed to the building, without materially adding to the value of his property and appreciably prolonging its life"). The record herein discloses the total amount expended by petitioner and the nature of the expenditures. Petitioner was charged a lump sum for all work done on the property and there was no breakdown for each item. The record indicates that most of the amount was expended for cleaning and repairing the property. These simple maintenance expenses are currently deductible. However, it appears that part of such expenditures were made for new cabinet doors, electrical fixtures, and kitchen counters. Expenses for such items must be capitalized and depreciated over their expected useful life. Since the *81 record is not precise as to the specific cost of each item of repair, we will make a rough approximation of the amounts to which petitioner is entitled to as deductions. Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930). We conclude that $5,000 of such expenses are currently deductible while the remainder must be capitalized. Issues 3 & 4. Commissions, Legal Fees, Insurance Premiums
FINDINGS OF FACT AND OPINION Petitioner paid the seller's commission expense of $1,800 and an attorney's fee of $250 in connection with the purchase of the rental property. Petitioner also paid $442 during 1977 for twelve months insurance starting December 1, 1977. Respondent disallowed deductions claimed in 1977 for the sales commission, the attorney's fee and for the portion of the insurance expense allocable to the 1978 taxable year. Respondent's determination on these points must be upheld. Commissions and legal fees paid in connection with the acquisition of property represent part of the cost of the property acquired and are treated as capital expenditures. Bankers Union Life Insurance Co. v. Commissioner,62 T.C. 661, 682 (1974); Smith v. Commissioner,55 T.C. 133 (1970); *82 Hunt v. Commissioner,47 B.T.A. 829 (1942); Livingood v. Commissioner,25 B.T.A. 585 (1932). See United States v. Hilton Hotels Corp.,397 U.S. 580 (1970); Woodward v. Commissioner,397 U.S. 572 (1970). Such expenses are therefore added to the basis of the property acquired for the purposes of computing depreciation deductions and gain or loss on its ultimate disposition. See Gunn v. Commissioner,49 T.C. 38, 52 (1967). Finally, the deduction for the prepaid insurance premium must be prorated over the life of the insurance policy. See Keller v. Commissioner,79 T.C. 7, 40-41 (1982), on appeal (8th Cir. Dec. 6, 1982); Bonaire Development Co. v. Commissioner,76 T.C. 789, 796-797 (1981), affd. 679 F.2d 159 (9th Cir. 1982). Thus, petitioner is entitled to a deduction in 1977 of 1/12 of the amount paid in that year or $37. [3]
*83 Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. See Brooks v. Commissioner,T.C. Memo. 1983-304↩.
3. We need not consider whether we agree with the "one-year rule" enunciated by the Court of Appeals for the Ninth Circuit in Zaninovich v. Commissioner,616 F.2d 429 (9th Cir. 1980), revg. 69 T.C. 605 (1978), because the parties did not raise the issue for our determination or provide a factual basis for our consideration of it. See Keller v. Commissioner,79 T.C. 7, 40↩ n. 24, on appeal (8th Cir. Dec. 6, 1982).