## BATON COAL CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4535.

Circuit Court of Appeals, Third Circuit.

July 28, 1931.

W. W. Booth and W. A. Seifert, both of Pittsburgh, Pa. (Smith, Shaw McClay & Seifert, of Pittsburgh, Pa., of counsel), for appellant.

G. A. Youngquist, Asst. Atty. Gen., and John MacC. Hudson and Sewall Key, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and William E. Davis, Sp. Atty., Bureau of. Internal Revenue, both of Washington, D. C., of counsel), for appellee.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

THOMPSON, Circuit Judge.

This case comes up upon petition for review of a decision of the Board of Tax Appeals finding deficiencies in the petitioner's income taxes for the years 1926 and 1927.

On November 2, 1925, petitioner leased certain coal properties from the Shenango Furnace Company for a term of one year at a rental consisting of $40,000 in quarterly payments of $10,000, a royalty upon the coal mined of 25 cents per ton, with a minimum royalty of $50,000, and payment of the taxes on the property. All payments made under the lease were deducted as expenses on the petitioner's income tax return for 1926, and were approved and allowed by the Commissioner. On November 14, 1926, the petitioner entered into a new lease for the same properties to run from November 1, 1926, until all of the Pittsburgh vein of coal had been mined and removed. The new lease provided for payment of rental of $50,000 upon the execution and delivery of the lease, and $51,250 on May 1, 1927, for the payment of a royalty of 13 cents per ton, with a minimum royalty of $26,000 per annum, for payment by the lessee of all taxes, and for payment to the lessor of one-half of the net profits of operation. The payments were made in accordance with the lease for each of the years 1926 and 1927.

In its income tax returns, the petitioner deducted the sum of $50,000 as an expense of carrying on the business during the year 1926, and deducted $51,250 as a similar expense for the year 1927. The Commissioner disallowed each of the deductions as an expense of the taxpayer's business for the years 1926 and 1927, and apportioned the entire sum throughout the life of the lease, ascertained by taking the petitioner's estimate of the total tonnage of coal in the ground and dividing that by the average tonnage of coal taken out per year. He gave as his reason therefor that those amounts represented a bonus "paid in connection with the attaining of the lease and should be capitalized and the cost recovered over the life of the asset."

The Board of Tax Appeals held that, whether the sums paid in each of the years 1926 and 1927 were considered a bonus or advance payment of rental, the payments should not be deducted in their entirety in those taxable years, but should be spread over the years during which the lease would continue.

The pertinent section of the Revenue Act of 1926 is as follows:

"Sec. 234. (a) In computing the net income of a corporation subject to the tax imposed by section 230, there shall be allowed as deductions:

"(1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including a reasonable allowance for salaries or other compensation for personal services

actually rendered, and including rentals or other payments required to be made as a condition to the continued use or possession of property to which the corporation has not taken or is not taking title, or in which it has no equity. * * *

"(7) A reasonable allowance for the exhaustion, wear and tear of property used in the trade or business, including a reasonable allowance for obsolescence;

"(8) In the case of mines, oil and gas wells, other natural deposits, and timber, a reasonable allowance for depletion and for depreciation of improvements, according to the peculiar conditions in each case; such reasonable allowance in all cases to be made under rules and regulations to be prescribed by the commissioner with the approval of the Secretary. In the case of leases the deductions allowed by this paragraph shall be equitably apportioned between the lessor and lessee." 26 USCA § 986 (a) (1), (7), and (8).

The pertinent part of the Treasury Department Regulation, prescribed in accordance with the authority granted by that act, is as follows: "Art. 110. Rentals.—Where a leasehold is acquired for business purposes for a specified sum, the purchaser may take as a deduction in his return an aliquot part of such sum each year, based on the number of years the lease has to run."

We perceive no ground for differing from the conclusions and rulings of the Commissioner and the Board of Tax Appeals. It is clear that the payments of $50,000 in 1926 and $51,250 in 1927 did not constitute rental payments for these respective years, but together represented the payment of a bonus or rental in advance for the entire term of the lease, the length of which was determinable by the quantity of coal in the ground divided by the annual average output. The lease was to run until exhaustion of the coal. It is clearly evident, therefore, that those sums, together with the other payments specified in the lease, constituted the consideration for a lease during the entire period, and that, under the law and the regulations, those sums must be apportioned as an expense over the whole term of the lease, and are not deductible as a business expense of the years in which they were paid. Duffy v. Central R. Co., 268 U. S. 55, 45 S. Ct. 429, 69 L. Ed. 846; Galatoire Bros. v. Lines (C. C. A.) 23 F.(2d) 676.

The petition is dismissed, and the order and decision of the Board of Tax Appeals affirmed.