### LICHTENBERGER–FERGUSON CO. v. WELCH, Collector of Internal Revenue. *

### No. 6570.

Circuit Court of Appeals, Ninth Circuit.

Dec. 18, 1931.

*Rehearing denied February 23, 1932.

For opinion of District Court, see 49 F. (2d) 304.

J. Wiseman Macdonald, of Los Angeles, Cal., Charles F. Hutchins, of Pasadena, Cal., and W. W. Wallace, of Los Angeles, Cal., for appellant Lichtenberger-Ferguson Co.

Samuel W. McNabb, U. S. Atty., and Ignatius F. Parker, Asst. U. S. Atty., and Alva C. Baird, Sp. Atty., Bureau of Internal Revenue, all of Los Angeles, Cal. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, of Washington, D. C., of counsel), for appellee Welch.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

Appellant sued in the District Court to recover the sum of $33,235.31, which it alleged had been improperly assessed and collected as income taxes for the year 1919. The first items of the claim arose by reason of the refusal of the Revenue Department to allow the taxpayer to charge as expense for the year stated the amount of contract obligations for which it had issued its promissory notes. A separate item referred to an amount of $10,-011.63, which was received by appellant in February, 1920, and which the taxing officers assigned to income account for the year 1919, in the face of appellant's protest that it should be charged for in the year 1920.

The District Judge found for the government as to its contention that the amounts of the obligations for which promissory notes were given were not deductible as expense for the year 1919. He found in favor of the taxpayer as to the amount of $10,011.63, holding that that money was not to be considered as income until received in 1920. The taxpayer appealed from that part of the judgment which was adverse to it, and the defendant took a cross-appeal from the court's determination regarding the $10,011.-63 item.

The expense charge items will be first considered. On November 29, 1919, appellant, in the course of its business, made a contract for billboard advertising service to be performed for it. On December 16, 1919, it made a second contract with a different party for similar service. It issued its promissory notes, payable one each month during the year 1920, to cover for the advertising work agreed to be done under each contract. It was stated in the first contract for advertising service that the promissory notes were accepted by the second party as payment in full for the service to be rendered for the months of January to December, both inclusive, of the year 1920. In the second contract, it was stated that the notes were accepted as payment for the services "so rendered for the respective time set forth by said promissory notes." It will be seen that while the contracts were entered into during the year 1919, the service contracted for was to be wholly rendered in the year 1920.

The books of the taxpayer were kept on the accrual basis instead of by a method under which cash receipts and expenses were currently accounted for.

 Under whatever system the taxpayer makes his return, the items of income and deductible expenses must have relation to the

business done within the year for which the income tax is paid. The District Judge who heard this case properly said [49 F.(2d) 304, 305]: "The taxing department, under section 212 of the Revenue Act of 1918 (40 Stat. 1064), had the right to make the computation upon a basis which would clearly reflect the income, and no implied right to deduct expenses for the ensuing year can be read into the provision or into the promulgated regulations."

■ The advertising service contracted for did not contribute to the business of the taxpayer for the year 1919, as clearly appears from the reference hereinbefore made to the contracts under which the work was agreed to be done. It may have been, as is claimed, that the second contracting parties proceeded to erect billboards and prepare themselves to render the service immediately upon the making of the contracts in the latter part of the year 1919, but that fact is of no moment when it is considered that the notes were all payable in the succeeding year and *all were to cover service to be rendered in that year*. In United States v. Anderson, 269 U. S. 422, 46 S. Ct. 131, 134, 70 L. Ed. 347, the court, referring to a like method of accounting there considered under an act of 1916 [sections 12 (a), 13 (d) (39 Stat. 770)] equally applicable to the present situation, said: "It was to enable taxpayers to keep their books and make their returns according to scientific accounting principles, by charging against income earned during the taxable period, *the expenses incurred in and properly attributable to the process of earning income during that period;* and indeed to require the tax return to be made on that basis, if the taxpayer failed or was unable to make the return on a strict receipts and disbursements basis." (Italics supplied.)

The case of Galatoire Bros. v. Lines, Collector, 23 F.(2d) 676 (C. C. A. 5) is in point. There the taxpayer leased for restaurant business purposes a building, the term of the lease being forty-five months. The rental to be paid was fixed at the sum of $250 per month, to which was to be added 50 per cent. of the profits of the restaurant business as earned during the single year of 1917. The taxpayer sought to deduct a large sum which constituted 50 per cent. of the profits for the year 1917 from his gross income for that year. The court held that as the 50 per cent. profits were intended as an added consideration to be rendered for the entire term, the taxpayer was entitled to deduct the profits only in such proportion thereof as the fractional term in 1917 bore to the entire term of the

lease. Little argument is needed to demonstrate the correctness of the method applied in establishing the net income attributable to the year for which the return was made.

The decision upon the main appeal must be against the appellant.

■ Referring now to the cross-appeal taken by the defendant from the judgment of the court determining that the item of $10,011.63 was properly deductible from gross income for 1920: Cross-appellee had entered into a contract with the United States government to furnish certain war supplies, which contract was canceled after the Armistice. Under authority given by the Act of Congress approved March 2, 1919 (volume 40 U. S. Stat. p. 1272), the War Department made an adjustment of the claim of cross-appellee, and allowed the amount of $10,011.63, which award received final approval of the necessary boards on August 29, 1919. The approved claim was delayed as to its payment because of some confusion respecting the department office designated to make payment, the claimant being advised first that an officer of the War Department at Chicago would forward payment, which officer returned the claim to a Washington office. It was reforwarded to Chicago, and check for the amount reached the taxpayer about February 5, 1920. No question can be made but that the claim was regularly allowed in August, 1919. The approval of it was then final, as, under the terms of the act referred to, the government could only later contest the settlement on the ground of fraud.

Under the accrual system of accounting, where an item is definitely ascertained as to its amount, and acknowledged to be due, it has "accrued." To quote from the decision of the United States Board of Tax Appeals in the case of Clarence Schock, 1 B. T. A. 528. "Under such system of accounting *receipt* of income—actual or constructive—is not essential to constitute income within the statutory definition of income. Under an accrual system of accounting one *accrues* income, he does not *receive* it. Under the receipts and disbursements method, one *receives* income and does not *accrue* it."

The trial judge, referring to the $10,011.63 item, said [49 F.(2d) 304, 306]: "While the amount was apparently agreed upon in 1919, yet, under plaintiff's accrual system of bookkeeping, it was not regarded, as the evidence shows, as a final adjustment, or as income, until the money was actually received by plaintiff. The adjusted amount was not income until, as ruled in Naitove & Co. v.

Commissioner, 59 App. D. C. 53, 32 F.(2d) 949, 951, 'it is definitely received.'"

But the adjustment in August, 1919, was a final adjustment, as before noted, and the taxpayer could not by any form of entry on its books change the item from its then accrued form.

"Bookkeeping entries are significant only as evidence or records of transactions and the legal effect of such transactions and the method employed in keeping the books must be determined from the transactions themselves, and not merely from the book entries affecting them." Corn Exchange Bank v. Commissioner, 6 B. T. A. 158.

The Naitove Case, 59 App. D. C. 53, 32 F.(2d) 949, 950, which was decided by the Circuit Court of Appeals of the District of Columbia, would support the position of cross-appellee if the latter's claim had remained in process of settlement at the end of the year 1919. As it did not so remain, the opinion in the Naitove Case sustains cross-appellant's case, as the following excerpt shows: "The accounts under the agreement were kept on the books of appellant on an accrual basis, under which system these items of expense could not accrue until all the events occurred from which liability could be determined and become fixed."

The judgment in that part which was appealed from by the Lichtenberger-Ferguson Company is affirmed. That part of the judgment which was adverse to the collector, and from which the cross-appeal was prosecuted, is reversed.