**MAIN & McKINNEY BLDG. CO., OF HOUSTON, TEX., v. COMMISSIONER OF INTERNAL REVENUE.**

No. 9416.

Circuit Court of Appeals, Fifth Circuit.

July 3, 1940.

Rehearing Denied Aug. 2, 1940.

Edward S. Boyles and W. L. Russell, both of Houston, Tex., for petitioner.

Joseph M. Jones, Sewall Key, and Lee A. Jackson, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Irving M. Tullar, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for respondent.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

In 1926, petitioner purchased by assignment a ninety-nine year lease, expiring in 2024, on realty in Houston, Texas. In payment therefor, it assumed all obligations of the assignor under the lease, made a cash payment, and contracted to pay, as additional rent, $10,000 a year for a period of twenty-five years. The petition for review presents the question of whether or not the taxpayer was entitled to deduct the full annual payment of $10,000 in its tax returns for the years 1934 and 1935 as payments of rent. The Commissioner argued, and the Board of Tax Appeals held, that these payments were a part of the purchase price of the lease, and were, therefore, capital investments recoverable only through deductions for exhaustion.

The statute applied is Section 23(a) of Chapter 277, Revenue Act of 1934, 48 Stat. 680, 26 U.S.C.A.Int.Rev.Acts, p. 671, which authorizes a deduction for rentals paid as a condition to continued use or possession of property, not owned by the taxpayer, in which he operates his business. The Commissioner and the Board construed this section in the light of Treasury Regulation 86, Article 23(a)-10, which provides that payments for such leaseholds, acquired for a specified sum, may be deducted only in an aliquot part each year, based on the number of years the lease has to run.

For the purposes of this decision, it is immaterial whether these annual payments were part of the purchase price, or were additional rentals; in either event, these sums, together with the other payments specified, constituted the consideration for a lease over the entire period of ninety-eight years. This lease was executed in consideration of cash paid, together with the payments and obligations specified in article two of the contract. Article two named the sums here in dispute. This court is committed to the doctrine that advance payments of rent, made in consideration of a lease for a longer period of time, have the character of capital investments whose benefits are spread throughout the life of the lease, and only

an aliquot part of such expenditure is deductible in any tax year. Galatoire Bros. v. Lines, Collector, 5 Cir., 23 F.2d 676. See also J. Alland & Bro., Inc. v. United States, D.C., 28 F.2d 792; King Amusement Co. v. Commissioner, 6 Cir., 44 F.2d 709; Baton Coal Co. v. Commissioner, 3 Cir., 51 F.2d 469; Bonwit Teller & Co. v. Commissioner, 2 Cir., 53 F.2d 381, 82 A.L.R. 325; Central Bank Block Ass'n v. Commissioner, 5 Cir., 57 F.2d 5; Holmes' Federal Taxes, p. 913. Cf. Duffy v. Central R. R., 268 U.S. 55, 45 S.Ct. 429, 69 L.Ed. 846; Miller & Vidor Lumber Company v. Commissioner, 5 Cir., 39 F.2d 890.

The error of petitioner's theory is made apparent by another view of the case. The only consideration moving from it to its grantor, the original lessee, after the cash payment, was the payment of the $10,000 per year for twenty-five years. If these payments are to be considered rentals rather than extended payments of the purchase price, the payment thereof at a specified rate entitled petitioner to the use of the premises for a period of seventy-three years without paying any rent therefor. Clearly, therefore, these payments, if rentals, were advances returning benefits over the ninety-eight year period of the lease, for which only aliquot deductions, commensurate with the ratio of the exhaustion of the lease, may be taken.

Affirmed.