JOHN ERNST AND MARGARET ERNST, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 56691.    Filed April 22, 1959.

*Kenneth W. Bergen, Esq.*, for the petitioners.
*James E. Markham, Jr., Esq.*, for the respondent.

OPINION.

KERN, *Judge:* In the instant case, the payments for feed disallowed by respondent were not in the nature of deposits to be reimbursed to petitioner if he decided not to order delivery of the feed

or if the grain dealer would not or could not make such delivery. The payments were absolute and petitioner, who reported his income on a cash receipts and disbursements basis, was irretrievably out of pocket the amounts paid, which amounts were obviously expenses incident to "carrying on a trade or business." In return for these payments, the grain dealer was unconditionally obligated to deliver to petitioner the quantity of feed which the amounts received would pay for at the prices in effect on the dates of delivery. There was no condition as to the obligation itself; the only condition was as to the *quantum* of the obligation. Similar payments for feed to be used in the spring months of the following year were made by petitioner in December of all years subsequent to the taxable years.[1] This practice does not substantiate the statements of counsel for respondent that "[t]hese transactions have no commercial meaning or sense other than as a tax dodge" and "that to allow such deductions would materially distort petitioner's income." Indeed, counsel for respondent frankly conceded that although the amounts disallowed in each of the taxable years had not been allowed in any other year, some such adjustments would have to be made in 1949 and the subsequent year in order to prevent the respondent's own action from distorting petitioner's income.

These circumstances distinguish the instant case from *R. D. Cravens*, 30 T.C. 903.

Regardless of whether taxpayers are on a cash or accrual basis, the general rule is that deductions are allowable in the year of payment.

On the record before us, we conclude that the payments here involved were "ordinary and necessary expenses paid or incurred during the taxable year[s] in carrying on [a] trade or business" and were properly deductible by petitioner in the years of payment under section 23(a)(1)(A) of the Internal Revenue Code of 1939.

We need not go into the question of whether or not the payments here involved constituted income to the grain dealer in the years when they were received. Cf. *Veenstra & DeHaan Coal Co.*, 11 T.C. 964. The manner in which the grain dealer treated these payments taxwise is not relevant to a determination of petitioners' tax liability. *Citizens Federal Savings & Loan Assn. of Covington*, 30 T.C. 285, 292.

In our opinion the allowance of the deductions taken by petitioner in the taxable years would more clearly reflect his income than their

---

[1] In the subsequent years petitioner, at the suggestion of the local revenue agent, took delivery of the feed needed for the spring months in December (when the payments were made) and stored it on his own premises.

disallowance, and no provision of section 43 of the Internal Revenue Code of 1939 [2] justifies respondent in disallowing such deductions.

*Decision will be entered under Rule 50.*

---

[2] SEC. 43. PERIOD FOR WHICH DEDUCTIONS AND CREDITS TAKEN.

The deductions and credits (other than the corporation dividends paid credit provided in section 27) provided for in this chapter shall be taken for the taxable year in which "paid or accrued" or "paid or incurred", dependent upon the method of accounting upon the basis of which the net income is computed, unless in order to clearly reflect the income the deductions or credits should be taken as of a different period. In the case of the death of a taxpayer whose net income is computed upon the basis of the accrual method of accounting, amounts (except amounts includible in computing a partner's net income under section 182) accrued as deductions and credits only by reason of the death of the taxpayer shall not be allowed in computing net income for the period in which falls the date of the taxpayer's death.

