MURPHY CORPORATION, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. E.D. 989.

United States District Court
W. D. Arkansas,
El Dorado Division.

April 1, 1964.

Crumpler & O'Connor, El Dorado, Ark., Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for plaintiff.

Charles M. Conway, U. S. Atty., West. Dist. Ark., Fort Smith, Ark., Robert L. Waters, Atty., Tax Division, Dept. of Justice, Fort Worth, Tex., for defendant.

HENLEY, District Judge.

This is a suit brought by plaintiff, Murphy Corporation, against the Government to secure a refund of a portion of its 1953 federal income tax allegedly unlawfully and erroneously exacted. The problem presented is the proper treatment for tax purposes of an aliquot part of a cash "bonus" which plaintiff paid to the Government in 1951 for an interest in an oil and gas lease on certain federally owned lands in Bossier Parish, Louisiana, from which lands oil and gas were produced in commercial quantities during the tax year in question. The cause has

been submitted to the Court on the pleadings, a written stipulation of all controlling facts, and memorandum briefs.

Plaintiff has its principal place of business in El Dorado, Union County, Arkansas, and files its federal tax returns with the District Director of Internal Revenue at Little Rock. During 1953 and prior years plaintiff was largely engaged in the production of oil and natural gas from wells located in Arkansas, Louisiana, and elsewhere.

In the spring of 1951 the Government advertised for bids for an oil and gas lease covering certain lands in the Barksdale Airforce Base near Shreveport, Louisiana. The advertisement announced that the lands would be leased for a cash bonus to be paid in advance, and for a royalty of one-eighth of the oil and gas produced from the properties. Plaintiff, acting through an agent, submitted a bid and obtained a one-half interest in a lease which the Government executed later in the year. The amount of bonus which plaintiff paid for its interest was $2,273,500.

In computing its income taxes from year to year plaintiff takes advantage of the depletion allowance provisions of sections 611 and 613(b) (3) of the Internal Revenue Code of 1954 and with respect to 1953 claimed a depletion allowance as provided by sections 23(m) and 114(b) (3) of the Internal Revenue Code of 1939. Since the rights of the parties are governed by the 1939 Code further Code references are to that Code. Likewise, references to regulations are to those promulgated under the 1939 Code.

Under sections 23(m) and 114(b) (3) lessors and lessees of oil or gas producing properties were entitled to claim as deductions from their income for tax purposes annual allowances of 27.5 percent of gross income from the leased premises during the taxable year to compensate for the depletion of oil and gas in the ground. The allowances were required to be prorated equitably between lessors and lessees, and the lessees were required by section 114(b) (3) to exclude from gross income from the properties "an amount equal to any rents or royalties paid or incurred by the taxpayer in respect of the property." The reason for the latter requirement was, and is, that rents and royalties paid to lessors are taxable income to them against which they are entitled to claim depletion, and unless the lessees are required to eliminate such rents and royalties from gross income from the properties when calculating their own depletion allowances, there would be a duplication of the allowances.

With regard to a cash bonus paid for an oil and gas lease,[1] it is settled law that as far as the lessor is concerned, the money which he receives by way of bonus is taxable income against which depletion allowances may be claimed. See Anderson v. Helvering, 310 U.S. 404, 60 S.Ct. 952, 84 L.Ed. 1277; Bankers Pocahontas Coal Co. v. Burnet, 287 U.S. 308, 53 S.Ct. 150, 77 L.Ed. 325; Murphy Oil Co. v. Burnet, 287 U.S. 299, 53 S.Ct. 161, 77 L.Ed. 318; Burnet v. Harmel, 287 U.S. 103, 53 S.Ct. 74, 77 L.Ed. 199.

The lessee, of course, is taxed ultimately upon his or its net income, which is gross income as defined by section 22 of the Code, less the deductions authorized by section 23, including depletion allowances. In determining a lessee's gross income under section 22 the Treasury has consistently taken the position that the amount of cash bonus paid for the lease is a capital investment and cannot be excluded from gross income for section 22 purposes. For section 22 purposes the

1. A "cash bonus" for an oil and gas lease is simply a cash payment made to the lessor in consideration of the execution of the lease. It has no relation whatever to actual production from the leased premises and is not affected by production or lack of production. Normally, if production is achieved, the lessor receives a royalty of one-eighth of the oil and gas produced free and clear of all costs of production; the lessee receives the remaining seven-eighths of the production out of which he must recover his investment, pay operating expenses and derive his profit, if any.

bonus is not regarded as "advance royalty" because it has no relation to actual production from the properties. See in this connection Treasury Regulations 118, §§ 39.23(m)–10(a) and (e).

However, as far as the depletion allowance is concerned, the Treasury has taken the view that a bonus paid for a lease must be treated like an "advance royalty," and must be excluded from gross income from the property when the annual depletion allowance is calculated. In this connection section 39.23(m)–1(e) (5) provides in part that if "royalties in the form of bonus payments have been paid in respect to the property in the taxable year or any prior years * * * the amount excluded from 'gross income from the property' for the current taxable year on account of such payments shall be an amount equal to that part of such payments which is allocable to the product sold during the current taxable year * * *."

Thus, it will be seen that when the lessee comes to calculate his income tax, he is not permitted to exclude the bonus payment from gross income for section 22 purposes, but must exclude an aliquot part of it from his gross income when computing his depletion allowance under section 23(m).[2] It is this alleged inconsistency in the treatment of the bonus in determining the lessee's tax liability which gives rise to this lawsuit. Plaintiff contends, alternatively, that if the bonus must be excluded from gross income for purposes of computing depletion allowance under sections 23(m) and 114(b) (3), it must also be excluded from gross income for section 22 purposes, or that if it is to be included in gross income for purposes of section 22, it must also be included for purposes of sections 23(m) and section 114(b) (3). These alternative contentions were brought before the Court in the following manner:

The portion of the bonus paid by plaintiff in 1951 and allocable to 1953 was $181,830. When plaintiff prepared and filed its income tax return for 1953 it excluded the sum just mentioned both in its initial computation of gross income under section 22 and in its computation of depletion allowance under section 23(m) and section 114(b) (3). Having so excluded that sum from gross income, plaintiff proceeded to calculate and pay the resulting tax. The Commissioner disallowed the double exclusion of the bonus and assessed a deficiency of $73,069.77. Plaintiff paid this deficiency and when its claim for a refund was denied administratively, it commenced this action.

It is the position of the Government that regardless of consistency or inconsistency in the treatment of the bonus when determining the tax liability of the lessee, the regulatory scheme whereby the lessee must exclude an aliquot part of the bonus from gross income when computing his depletion allowance but is not permitted to exclude it when computing his gross income under section 22 has the force of law, and that plaintiff is not entitled to prevail.

The contention advanced by plaintiff is not novel. It has been considered and rejected by the Courts of Appeals for four Circuits, Sunray Oil Co. v. Commissioner, 10 Cir., 147 F.2d 962; Canadian River Gas Co. v. Higgins, 2 Cir., 151 F.2d 954; Baton Coal Co. v. Commissioner, 3 Cir., 51 F.2d 469; Quintana Petroleum Co. v. Commissioner, 5 Cir., 143 F.2d 588. More recently, it has been rejected by the Tax Court in Shamrock Oil & Gas Corporation v. Commissioner, 35 T.C. 979, 1040 ff., and in Fitzsimmons v. Commissioner, 37 T.C. 179.[3]

2. In view of this situation it is perhaps fair to say that a lessee who claims the statutory depletion allowance is never able to recover the amount of the cash bonus, *as such*. This does not mean necessarily that the bonus payment in fact will not be recouped by the lessee if production is efficient and continues. By continually availing himself of the 27.5 percent depletion allowance from year to year a lessee may recoup all of his investment, including the bonus, and much more.

3. The Shamrock case, supra, is now on appeal to the Court of Appeals for the Fifth

In an effort to avoid the force of the Courts of Appeals' decisions just cited counsel for plaintiff contends that those decisions have been overruled by implication by the holdings of the Supreme Court in Kirby Petroleum Co. v. Commissioner, 326 U.S. 599, 66 S.Ct. 409, 90 L.Ed. 343, and Burton-Sutton Oil Co. v. Commissioner, 328 U.S. 25, 66 S.Ct. 861, 90 L.Ed. 1062, and that the Quintana Petroleum Co. case has been in effect overruled by the Court of Appeals for the Fifth Circuit in Lambert v. Jefferson Lake Sulphur Co., 5 Cir., 236 F.2d 542, affirming Jefferson Lake Sulphur Co. v. Lambert, E.D.La., 133 F.Supp. 197.

While there is some language in the Burton-Sutton case which perhaps lends some support to plaintiff's contention, neither Burton-Sutton nor Kirby Petroleum involved the problem presented here, and for that reason neither case can be considered as directly in point. Nor is the Court persuaded that the Supreme Court in either case intended to overrule or criticize the results reached in the cases typified by Sunray Oil Co. v. Commissioner and Canadian River Gas Co. v. Higgins, both supra.

It may be conceded that Judge J. Skelly Wright took a broad view of the holding in Burton-Sutton, and rendered a decision in Jefferson Lake Sulphur Co. v. Lambert, supra, 133 F.Supp. 197, which is consistent with the position assumed by plaintiff here. And it is true that the Court of Appeals in that case affirmed the decision of the District Court. However, the weight to be given here to the affirmance in Lambert is diminished by the fact that the affirmance was based primarily on an entirely different ground from that on which the district court proceeded, and thus the language in the opinion of the Court of Appeals approving the reasoning of the district court may be considered as dictum.

In the Shamrock case, supra, the Tax Court discussed the question in great detail and declined to follow the Jefferson Lake case. Similarly, the Tax Court specifically refused to follow Jefferson Lake in Fitzsimons v. Commissioner, supra. In both Shamrock and Fitzsimons the view was taken that Burton-Sutton Oil Co. v. Commissioner, supra, was not in point.

With the law in the state that has been outlined, this Court does not feel justified in holding at this time that the older cases upholding the Government's position have been overruled, or that the decisions of the Tax Court in Shamrock and Fitzsimons were wrong, or that the regulatory scheme of which plaintiff complains is invalid. Before so holding this Court would require a stronger showing of a change in the law than has been made.

■ Plaintiff advances in its briefs another contention which appears to the Court to be subsidiary to the principal contentions which have been mentioned. This contention is that in no event should plaintiff be required to exclude the aliquot part of the bonus from gross income for depletion allowance purposes since the Government is not a taxpayer and does not claim depletion allowances as do private lessors. The Court is convinced that this subsidiary contention is devoid of merit. The depletion allowance is a matter of legislative grace, and the statutory requirement that rents or royalties be excluded from a lessee's gross income for depletion allowance purposes does not depend upon the status of the lessor as a taxpayer. That the Government pays no income tax and takes no depletion allowances is no reason to give plaintiff the benefit of an additional allowance to which it would not be entitled were the lessor a private individual or corporation.

From what has been said, it follows that the complaint must be dismissed.

Circuit, and this Court suggested at one time that decision of the instant case await the determination of the Court of Appeals in Shamrock. However, counsel on both sides requested the Court to pro-

ceed to decision here at this time since the date of the appellate court's decision in Shamrock is uncertain. Having considered the matter, the Court decided to accede to counsels' request.