**MURPHY OIL CORPORATION,**
Appellant,

v.

**UNITED STATES of America,**
Appellee.

**No. 17666.**

United States Court of Appeals
Eighth Circuit.

Oct. 28, 1964.

Rehearing Denied Nov. 17, 1964.

William J. Wynne of Crumpler & O'Connor, El Dorado, Ark., and Vester T. Hughes Jr., of Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex., for appellant and filed brief with J. A. O'Connor, Jr. of Crumpler & O'Connor, El Dorado, Ark., and Larry L. Bean of Jackson, Walker, Winstead, Cantwell & Miller, Dallas, Tex.

Thomas L. Stapleton, Atty., Dept. of Justice, Washington, D. C., for appellee and filed brief with Louis F. Oberdorfer, Asst. Atty. Gen., Tax Div., Washington, D. C., Lee A. Jackson and Melva M. Graney, Atty., Tax Div., Washington, D. C. and Charles M. Conway, U. S. Atty., E. A. Riddle, Asst. U. S. Atty., Fort Smith, Ark.

Before MATTHES, BLACKMUN and RIDGE, Circuit Judges.

PER CURIAM.

Murphy Oil Corporation, Appellant, brought this action to recover income taxes alleged to have been erroneously and illegally assessed and collected by the Government for the taxable year ending May 31, 1953.

The facts were presented by a stipulation, are fully and accurately stated in the trial court's opinion, and place in issue the proper treatment for tax purposes, under applicable statutes and Treasury Regulations, of an aliquot part of a cash bonus which appellant paid to the Government in 1951 for an interest in an oil and gas lease on federally owned land in Louisiana.

Appellant's claim for refund is premised on the theory that the bonus paid by it is an advance royalty and that an aliquot part thereof should be excluded from appellant's gross income in deter-

mining both taxable income and statutory depletion; that if the cash bonus is not to be excluded from its gross income in computation of taxable income such bonus should not be excluded from gross income for purpose of computing its statutory depletion; and that in any event Treasury Regulation 39.23(m)–1(e) (5) under the 1939 Internal Revenue Code is invalid insofar as it requires the bonus exclusion in a situation where, as here, the recipient of the bonus is a governmental agency.

The trial court, Judge Henley, after carefully considering appellant's contentions, the applicable statutes and regulations, and what it regarded as the controlling decisional law, concluded that appellant was not entitled to recover and dismissed the complaint. Murphy Corporation v. United States, D.C., 230 F. Supp. 583 (1964). This appeal follows.

A thorough examination of the authorities cited and others having any relevancy to the question presented satisfies us that the judgment appealed from is correct and we affirm on the basis of the trial court's opinion. Like Judge Henley, we are not persuaded that Burton-Sutton Oil Co. v. Commissioner, 328 U.S. 25, 66 S. Ct. 861, 90 L.Ed. 1062 (1946) has the effect of changing the law as announced by the Courts of Appeals and by the Tax Court in cases cited in the trial court's opinion. Since the issue presented in this case was not before the Supreme Court in Burton-Sutton, we have difficulty in adopting appellant's suggestion that the broad generalization contained in the two sentences taken from the Burton-Sutton opinion demonstrates funda-

mental error in the prior decisions of the Courts of Appeals.[1]

Jefferson Lake Sulphur Co. v. Lambert, D.C., 133 F.Supp. 197, affirmed 5 Cir., 236 F.2d 542 (1956) which lends support to appellant's position, was in our view influenced in large part by the statements of the Supreme Court in Burton-Sutton, quoted in the margin. Inasmuch as we do not regard such language, seemingly controversial, as having the effect of overruling long standing Treasury Regulations and decisional law, the validity of Jefferson Lake is, in our view, greatly diminished and certainly it does not control the disposition of this case.

Affirmed.

---

1. In Burton-Sutton the court was concerned with the tax treatment of a lease payment in the form of net profits. In its discussion, the court made these statements seized upon by appellant in support of its contentions; 328 U.S. at page 27, 66 S.Ct. at page 863: "If they are capital investments to one, they are capital sales to the other. If they are rents and royalties paid out to one, they are rents and royalties received by the other." We note that Freling, Bonus Payments Through the Looking Glass, P–H OIL & GAS TAXES § 2027 (1926) cited by ap-

pellant, takes issue with the court's view in this language: "At least one sentence in the foregoing quotation from Burton-Sutton is incorrect, and the Tax Court [Shamrock Oil & Gas Corp. v. Commissioner of Internal Revenue, 35 T.C. 979, 1054, et seq. (1961)] rightly makes short shrift of the notion. Merely because an expenditure is a capital investment to the payor does not necessarily mean that there has been a capital sale by the payee." Page 2514 of § 2027.