**UNIVERSITY PROPERTIES, INC.,**
Petitioner,

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 21037.**

United States Court of Appeals
Ninth Circuit.

May 22, 1967.

DeWitt Williams, Williams, Lanza, Kastner & Gibbs, Seattle, Wash., for appellant.

Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Melva M. Graney, Fred E. Youngman, Jonathan S. Cohen, Attys., Tax Div., Dept. of Justice, Washington, D. C.

Lester Uretz, Chief Counsel, I.R.S., Washington, D. C., for appellee.

Before MADDEN, Judge of the Court of Claims, and MERRILL and DUNIWAY, Circuit Judges.

MERRILL, Circuit Judge:

Petitioner seeks review of a decision of the Tax Court holding that certain payments made by it as lessee of realty cannot be deducted from current income as rentals or other business expense. 45 T.C. 416 (1966).

In 1953 the University of Washington leased to petitioner a tract of land in downtown Seattle for a term of 35 years, commencing November 1, 1954. Fixed rent payments were established for the first four years; thereafter the rent was to be a percentage of the gross rentals received by petitioner from subten-

ants of buildings and offices in the tract. A fixed minimum rental was specified, to be abated pro rata when any part of the tract became temporarily untenantable.

In January, 1958, the University purchased from the United States a part of a tract adjoining the tract described above, on which was located the U.S. Post Office. The University agreed to demolish the old Post Office and to erect a new one on the land retained by the United States. On February 5, 1958, the University and petitioner entered into a supplemental lease agreement, which added the University's new land to the tract covered by the old lease. It was agreed that petitioner would assume the management of the University's obligation to the Government, and any cost of that obligation exceeding $870,000. It was further agreed that a building on the main tract adjoining the new land would be demolished and a new, larger one constructed on the combined site; this work would be managed by petitioner and paid for by the University. The agreement also provided for three fixed payments of $80,000 each by petitioner to the University, due on November 1, 1960, 1961 and 1962. The new building was begun in 1958 and completed in June, 1960, five months before the first of the $80,000 payments was due.

These three payments are the subject of this review. The parties treated them as additional rental payments for the years involved. The Commissioner disagreed and assessed a deficiency, asserting that the payments should be characterized as a capital expenditure and amortized over the period of the full lease. The Tax Court ruled in favor of the Commissioner.

■ On this review the taxpayer's contention is that the parties' treatment of the payments should control. We re-

ject this proposition, as did the Tax Court. Whether or not the payments constituted rental for the years in question is essentially an issue of fact and is not to be controlled by the formal accounting treatment given to the payments by the interested parties.[1]

■ The taxpayer has wholly failed to meet its burden of proving that the payments were in fact made, either as business expenses or as rentals, for the possession or use of the premises during the years of payment.[2] It has presented no explanation as to why the payments were called for. Specifically, it has failed to make any persuasive showing of relationship between the payments and the tax years in which they were made. We agree with the Commissioner that these payments seem most reasonably to represent consideration for adding to the lease a new and valuable income-producing asset, and thus to be payments in contemplation of future benefits rather than to compensate for factors peculiarly related to the years in question.

The language of the supplemental lease is not inconsistent with this conclusion. The three payments are not characterized as *current* rentals but as "additional rentals over and above all rentals provided for." Such language invites the treatment given to the items by the Commissioner: that the additional rentals, together with all payments specified in the lease, be regarded as constituting consideration for the lease over its entire period. Main & McKinney Bldg. Co. v. Commissioner, 113 F.2d 81 (5th Cir. 1940), cert. denied, 311 U.S. 688 (1940); Baton Coal Co. v. Commissioner of Internal Revenue, 51 F.2d 469 (3d Cir. 1931), cert. denied, 284 U.S. 674, 52 S.Ct. 129, 76 L.Ed. 570 (1931).

Affirmed.

1. Utter-McKinley Mortuaries v. CIR, 225 F.2d 870 (9th Cir. 1955); Lichtenberger-Ferguson Co. v. Welch, 54 F.2d 570 (9th Cir. 1931).

2. See Int.Rev.Code of 1954 § 162(a) (3); Welch v. Helvering, 290 U.S. 111, 54 S.Ct. 8, 78 L.Ed. 212 (1933).