*Decision will be entered under Rule 155.*

MARTIN J. AND MARGARET M. ZANINOVICH, AND VINCENT M. AND DOROTHY F. ZANINOVICH, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 515–76.   Filed January 25, 1978.

*Paul Asperger* and *John J. McGregor,* for the petitioners.
*John W. Harris,* for the respondent.

TANNENWALD, *Judge:* Respondent determined deficiencies in income tax for the year 1973 as follows:

| Taxpayer | Deficiency |
| --- | --- |
| Martin J. and Margaret M. Zaninovich | $7,085 |
| Vincent M. and Dorothy F. Zaninovich | 7,130 |

The sole issue for decision is whether an amount paid as rent in December 1973, for the use of land for the period December 1, 1973, through November 30, 1974, is fully deductible in 1973.

### FINDINGS OF FACT

Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibits attached thereto are incorporated herein by reference.

Petitioners Martin J. and Margaret M. Zaninovich are husband and wife. Petitioners Vincent M. and Dorothy F. Zaninovich also are husband and wife. All of the petitioners resided in Delano, Calif., at the time of the filing of the petition herein. The petitioners filed their Federal income tax returns on a cash basis for the taxable year 1973 with the District Director of Internal Revenue at Fresno, Calif.

Petitioners Martin J. Zaninovich (Martin) and Vincent M. Zaninovich (Vincent) are the sole and equal partners in M and V Co. (hereinafter M and V or the partnership) engaged in the business of farming in the San Joaquin Valley in California. The partnership utilized the cash basis method of accounting and filed a Form 1065 on that basis for the calendar year 1973.

On October 3, 1973, M and V entered into leases covering approximately 310 acres of land to be used by M and V in its farming operations for the period December 1, 1973, to November 30, 1993. Rent in the amount of $27,200 per lease year (i.e., December 1 to the following November 30) was payable on December 20 of each lease year. On December 20, 1973, M and V paid $27,200 as rent for the lease year ending November 30, 1974, and deducted the entire amount so paid in determining the partnership's 1973 income for income tax purposes. Respondent disallowed $24,934 of said amount reflecting that portion of the rental allocable to the period January 1 through November 30, 1974, and adjusted each partner's share of income accordingly.

In the San Joaquin Valley, leases of farmland made on a cash rent basis are commonly for periods of 12 months or multiples thereof, the rent for 12 months being payable during the first month of each such period.

### OPINION

The issue herein is straightforward: is the partnership entitled to deduct the full 12 months' rent paid in 1973 or must it prorate such payment with the result that it is entitled to deduct only that portion attributable to the taxable year before us? We hold that the question should be disposed of on the latter basis.

Section 162[1] provides that rental payments are generally deductible as ordinary and necessary business expenses.[2]

---

[1] All section references are to the Internal Revenue Code of 1954 as amended and in effect during the taxable years in issue.

[2] Sec. 162 provides in pertinent part:

SEC. 162. TRADE OR BUSINESS EXPENSES.

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

* * * * * * *

(3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the taxpayer has not taken or is not taking title or in which he has no equity.

Petitioners recognize that the usual rule (applicable to cash as well as accrual basis taxpayers, see *Smith v. Commissioner*, 51 T.C. 429, 440 (1968)) is, as stated in *University Properties, Inc. v. Commissioner*, 45 T.C. 416, 421 (1966), affd. 378 F.2d 83 (9th Cir. 1967):

Rentals may be deducted as such only for the year or years to which they are applied. If they are paid for the continued use of the property beyond the years in which paid they are not deductible in full in the year paid but must be deducted ratably over the years during which the property is so used.

Petitioners seek to take the instant situation out of the decided cases on the ground that the advance rent covered only a period of 12 months and was paid after the commencement of the lease. Admittedly, many of the cases in this area involve payments which were properly allocable over a period far in excess of 12 months. See, e.g., *Main & McKinney Bldg. Co. v. Commissioner*, 113 F.2d 81 (5th Cir. 1940) (payments over 25-year period allocable to 99-year term); *University Properties, Inc. v. Commissioner, supra* (payments made over 3-year period allocable to 35-year term); *Cartan v. Commissioner*, 30 T.C. 308 (1958) (payment in one year produced benefit lasting 20 years). However, the usual rule has been applied to terms of substantially shorter length. See *Williamson v. Commissioner*, 37 T.C. 941 (1962) (payment in 1956 of rental due for year beginning March 1, 1957); *Bloedel's Jewelry, Inc. v. Commissioner*, 2 B.T.A. 611 (1925) (payment in May 1920, of rental due for year beginning September 1, 1920.)[3] We find petitioners' attempt to distinguish the foregoing cases unpersuasive. Regardless of the term, if payment secures possession and use of property for a significant portion of a taxable year other than the year in which payment is made, a deduction is allowed only for that portion of the payment attributable to the year of payment. The determinative factor is the period to which the payment is to apply; in this regard, the date of payment is immaterial.

Nor are we impressed with petitioners' argument that the

---

[3]See also, *Wood v. Commissioner*, T.C. Memo. 1975–189. In *Cunningham v. Commissioner*, 39 T.C. 186 (1962), a partnership paid $5,000 in 1948 which was to be credited to the rent due for the last year of the term of the lease. The payment was credited against rent due for the year beginning June 1, 1957. In its income tax return for the calendar year 1957, the partnership claimed a deduction for the $5,000 as a rental expense. The sole issue before the Court in that case concerned the effect of a sublease on the property on the deductibility of the $5,000 payment by the partnership. The Court did not consider whether the deduction was properly allocable in part to 1958, and accordingly, we do not view this case as authority for petitioners' position.

advance rental payments were a prudent business decision because lessors of farmland in the San Joaquin Valley insist on having 12 months of rent paid during the first month of a lease year. Such a consideration cannot convert a payment which is in the nature of a capital *expenditure* into an *expense* deductible under section 162(a)(3). See *Woodward v. Commissioner*, 397 U.S. 572, 576 (1970).

Petitioners also seek refuge in the fact that the partnership was engaged in farming and that farmers have been relieved of the requirement that they utilize inventories for tax purposes with the consequence that they are allowed a current deduction for certain items (such as feed and fertilizer) which are to be utilized in a subsequent taxable period. The "historical concession" embodied in this facet of the income tax has its limits. *United States v. Catto*, 384 U.S. 102 (1966). See E. Hawkinson, "Farm Expenses and General Accounting Principles," 22 Tax L. Rev. 237, 244–246 (1967). Rent payments are not within the class of expenditures that heretofore has been accorded this special treatment, nor does the proper accounting for such payments create difficulties justifying such treatment. See *Mann v. Commissioner*, 483 F.2d 673, 676 (8th Cir. 1973), revg. on other grounds T.C. Memo. 1972–162.[4] The cases cited by petitioners involving chicken and cattle feed (see, e.g., *Cravens v. Commissioner*, 272 F.2d 895 (10th Cir. 1959), revg. 30 T.C. 903 (1958); *Auburn Packing Co. v. Commissioner*, 60 T.C. 794 (1973); and *Ernst v. Commissioner*, 32 T.C. 181 (1959)) or physical improvements to farms which were in the nature of repairs (*Collingwood v. Commissioner*, 20 T.C. 937 (1953)) are inapposite, as are the Code provisions (secs. 175, 180, and 182) and regulations which deal with such matters. Simply stated, the $27,200 paid as rent was not chicken feed, and we decline petitioners' invitation to treat it as such.

*Decision will be entered for respondent.*

---

[4] See also *Wood v. Commissioner, supra* n. 3.