T.C. Memo. 2000-291


UNITED STATES TAX COURT


HOWARD HOWE AND JANICE HOWE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 17137-98.                Filed September 18, 2000.


<u>Howard Howe</u>, pro se.

<u>Brian M. Harrington</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, <u>Judge</u>:  Respondent determined a deficiency in petitioners' income tax of $10,722 for 1992 and an addition to tax under section 6651(a)(1) of $2,658.25.

In 1992, petitioner Howard Howe (hereinafter "petitioner") paid $54,716 rent for 1992, 1993, and 1994.  Following concessions, the issues for decision are:

1.    Whether petitioners may deduct in 1992 $33,192.20 in rent that petitioner prepaid in 1992 for 1993 and 1994.  We hold that they may not.

2.    Whether, under the mitigation rules, sections 1311-1314, petitioners may deduct in 1993 and 1994 rent that petitioner prepaid in 1992.  We hold that we lack jurisdiction to decide this question because the only notice of deficiency petitioned in this case is for 1992.

3.    Whether petitioners are liable for the addition to tax under section 6651(a)(1) for 1992.  We hold that they are.

Section references are to the Internal Revenue Code in effect for the years in issue.  Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioners lived in Indianapolis, Indiana, when the petition was filed.  They used the cash method of accounting in 1992.  Petitioner is an attorney and certified public accountant. He was a sole practitioner in 1992.

On June 27, 1989, petitioner and 50 South Meridian Associates, Ltd. (the landlord) signed a 5-year lease for about 1,200 square feet of business space.  The lease provided that petitioner would pay rent of $564.75 per month for the first 12 months (August 1, 1990, to July 31, 1991); $1,637.67 per month for the next 36 months (August 1, 1991, to July 31, 1994); and

$1,750.58 per month for the remainder of the lease (August 1, 1994, to July 31, 1995) and about $156 per month for common area maintenance. In 1992, petitioner paid rent of $54,716.24 for 1992, 1993, and 1994. Petitioner and his landlord began to negotiate a new lease in 1994 and signed it in 1995.

Petitioners reported on their Schedule C, Profit or Loss from Business, attached to their 1992 return that petitioner had received $149,358 in gross receipts and paid expenses of $156,203, which included $54,716 as rental expense and $262 for rental expense of vehicles, machinery, and equipment. Petitioners reported that they owed no income tax for 1992.

On April 15, 1996, petitioners mailed their 1992 income tax return to the Internal Revenue Service Center in Covington, Kentucky, which received it on April 18, 1996.

On July 23, 1998, respondent issued a notice of deficiency which states that, of the $54,978 petitioners deducted for rental expenses for 1992, petitioners may deduct $16,860 and may not deduct $38,118. Respondent also determined that petitioners are liable for the addition to tax for failure to timely file their return under section 6651(a)(1).

On September 17, 1999, petitioner sent a one paragraph letter to respondent's counsel and attached the following chart which petitioner had prepared:

| Tax year | Tax liability | Tax payments except prior year's overpayment | Tax over-payment to be applied to the next year's liability |
|---|---|---|---|
| 1987 | -0- | 4,184.40 | 4,184.40 |
| 1988 | 5,820.83 | 5,820.83 | 4,184.40 not applied |
| 1989 | 13,798.70 | 16,960.62 | 3,161.92 |
| 1990 | 12,393.65 | 21,661.24 | 12,429.51 |
| 1991 | 9,226.00 | 15,601.00 | 18,805.00 |
| 1992 | -0- | 2,089.00 | 20,894.00 |
| 1993 | 6,402.00 | 8,100.00 | 22,592.00 |
| 1994 | 28,660.00 | 15,000.00 | 8,932.00 |
| 1995 | 21,384.00 | 22,419.00 | 9,967.00 |
| 1996 | 16,091.00 | 19,576.00 | 13,452.00 |

OPINION

A. Whether Petitioners May Deduct Rent for 1993 and 1994 That Petitioner Prepaid in 1992

1. Petitioners' Contentions and Background

Petitioners contend that petitioner prepaid $33,192.20 in rent for 1993 and 1994 in 1992[1] to induce the landlord to give him a below-market lease rate and to require no personal guaranty in the next lease.

A cash method taxpayer generally may not deduct prepaid rent in the year paid because it is not an ordinary and necessary business expense for that year; instead, the taxpayer must deduct prepaid rent ratably over the years in which the taxpayer uses the

_____

[1] Respondent contends that petitioner prepaid $38,118. Petitioner's monthly rent and maintenance for common areas was $21,524.04 in 1992. Subtracting $21,524.04 from petitioner's total payment of $54,716.24 in 1992 yields $33,192.20. Respondent has not explained how respondent determined that petitioner prepaid rent of $38,118. We conclude that petitioner prepaid $33,192.20 in rent in 1992.

property. See <u>Southwestern Hotel Co. v. United States</u>, 115 F.2d 686, 688 (5th Cir. 1940); <u>Main & McKinney Bldg. Co. v. Commissioner</u>, 113 F.2d 81, 81-82 (5th Cir. 1940), affirming a Memorandum Opinion of this Court; <u>Baton Coal Co. v. Commissioner</u>, 51 F.2d 469, 470 (3d Cir. 1931), affg. 19 B.T.A. 169 (1930); <u>Grynberg v. Commissioner</u>, 83 T.C. 255, 268-269 (1984); <u>University Properties Inc. v. Commissioner</u>, 45 T.C. 416, 421 (1966), affd. 378 F.2d 83 (9th Cir. 1967); sec. 1.162-11(a), Income Tax Regs. However, we have held that a cash-basis taxpayer may deduct prepaid items when paid, including rent, if the taxpayer paid the rent (i.e., did not make a mere deposit), had a "substantial business reason for making the prepayment in the year" it was made, and the prepayment did not "cause a material distortion in the taxpayer's taxable income in the year of prepayment." See <u>Grynberg v. Commissioner</u>, <u>supra</u> at 265-266.[2] Petitioners contend that petitioner had a substantial business reason for prepaying the rent in 1992.

> 2. <u>Whether Petitioner Had a Substantial Business Reason To Prepay Rent in 1992</u>

Petitioner testified and contends that he prepaid rent in 1992 to induce the landlord to agree to a below-market lease rate and to

---

[2] We have also held that an accrual basis taxpayer may deduct prepaid items that do not create a future benefit that is more than incidental. See <u>USFreightways Corp. v. Commissioner</u>, 113 T.C. 329, 333 (1999). Petitioners do not contend that the prepayment of rent did not create a future benefit that is more than incidental.

require no personal guaranty in their next lease.  We decide whether a witness is credible based on objective facts, the reasonableness and consistency of the testimony, and the demeanor of the witness.  See Quock Ting v. United States, 140 U.S. 417, 420-421 (1891); Wood v. Commissioner, 338 F.2d 602, 605 (9th Cir. 1964), affg. 41 T.C. 593 (1964); Pinder v. United States, 330 F.2d 119, 124-125 (5th Cir. 1964).  We may discount testimony which we find to be unworthy of belief, see Tokarski v. Commissioner, 87 T.C. 74, 77 (1986), but we may not arbitrarily disregard testimony that is competent, relevant, and uncontradicted, see Conti v. Commissioner, 39 F.3d 658, 664 (6th Cir. 1994), affg. 99 T.C. 370 (1992) and T.C. Memo. 1992-616.  Petitioner's testimony was implausible.  We do not believe that petitioner prepaid rent in 1992 to induce action relating to a lease he began to negotiate in 1994 and that he signed in 1995.  The landlord did not testify.  We conclude that petitioners had no substantial business purpose for prepaying rent in 1992.[3]

Petitioners contend that under Rev. Rul. 69-511, 1969-2 C.B. 24, they may deduct the rent they prepaid in 1992.  The Commissioner ruled in Rev. Rul. 69-511, supra, that a taxpayer may deduct damages that the taxpayer paid to a lessor to cancel a lease for a term of years when paid or accrued, depending on the

---

[3]  In light of our conclusion, we need not decide whether petitioner's prepayment of rent materially distorted petitioners' taxable income.

taxpayer's method of accounting. Petitioners contend that "It logically follows that a lump-sum payment to procure a lease in a time-sensitive context should be deductible as well." We need not decide this point because we are not convinced that petitioner prepaid rent in 1992 to obtain a lease in 1994 and 1995.

We conclude that petitioners may not deduct the rent petitioner prepaid in 1992.

B.  Whether, Under the Mitigation Rules, Petitioners May Deduct Rental Expense for 1993 and 1994 Which Petitioner Prepaid in 1992

Petitioners contend that, if they may not deduct rent they prepaid in 1992, then they may deduct it in 1993 and 1994 under sections 1.1314(a)-1 through 1.1314(c)-1, Income Tax Regs. (which relate to the mitigation provisions, sections 1311 through 1314).

We disagree. We lack jurisdiction to redetermine a taxpayer's tax liability in years for which the Commissioner has not issued a notice of deficiency. See secs. 6213(a) and 6214(a) and (b). The only notice of deficiency petitioned in this case is for 1992. Thus, we lack jurisdiction to decide petitioners' tax liability for 1993 and 1994.

C.  Whether Petitioners Are Liable for the Addition to Tax Under Section 6651(a) for Failure To Timely File a Return

Respondent determined and contends that petitioners are liable for the addition to tax under section 6651(a) for failure to timely file their income tax return for 1992. A taxpayer may be liable for an addition to tax of up to 25 percent for failure to timely

file a Federal income tax return unless the failure was due to reasonable cause and not willful neglect.  See sec. 6651(a).  The taxpayer bears the burden of proving that the failure is due to reasonable cause and not willful neglect.  See <u>United States v. Boyle</u>, 469 U.S. 241, 245 (1985).[4]

Petitioners contend that they filed their 1992 return late because petitioner worked 18 hours a day including Saturdays and had about four vacations in 10 years.  Working long hours does not relieve a taxpayer of the duty to timely file a tax return.  See <u>Logan Lumber Co. v. Commissioner</u>, 365 F.2d 846, 854 (5th Cir. 1966) ("If every taxpayer who * * * was too busy to file a return escaped the penalty for failure to file, our tax system would soon collapse."), affg. and remanding on another issue T.C. Memo. 1964-126.  Petitioners have not shown that they had reasonable cause for filing their 1992 return 3 years late.

Petitioners contend that they are not liable for the addition to tax for failure to timely file under section 6651(a) even if they do not prevail on the prepaid rent issue because they overpaid their taxes for 1992.  Petitioners rely on the chart attached to petitioner's September 17, 1999, letter to respondent's counsel.  Petitioner testified that the chart is based on his records and his

---

[4]  The burden of proof provisions of sec. 7491 do not apply here because the examination in this case began before July 22, 1998.  See Internal Revenue Service Restructuring & Reform Act of 1998, Pub. L. 105-206, sec. 3001(c), 112 Stat. 685, 727.

personal knowledge of his tax liabilities.  We give the chart no weight because it is completely uncorroborated.  Petitioners did not offer into evidence the underlying information that petitioner claims to have summarized on the chart, such as canceled checks showing tax payments, or returns from other years showing treatment of alleged overpayments.

Petitioners contend that they reasonably believed that they owed no tax for 1992.  Petitioner did not explain what led him to that belief.  We are not convinced that petitioners had reasonable cause for filing their 1992 return late.  Thus, petitioners are liable for the addition to tax under section 6651(a)(1) for 1992.

To reflect concessions and the foregoing,

Decision will be entered under Rule 155.